**GLENMORE, INC., Appellant,**

v.

**Pedro AMADOR and Nelda Amador, Appellees.**

**No. 656.**

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 7, 1971.

Rehearing Denied Oct. 28, 1971.

Law Offices of Robert R. Mullen, J. G. Gonzalez, Alice, for appellant.

Glusing & Sharpe, Nelson Sharpe, Kingsville, for appellees.

## OPINION

NYE, Chief Justice.

This is a venue case. The appellees filed suit in the county of their residence against Glenmore, Inc., a corporation, whose home office is in Alice, Jim Wells County, Texas. The appellees alleged a cause of action for breach of contract and for specific performance of a sales agreement that occurred in Kleberg County. In answer to defendant's plea of privilege, appellees filed a controverting affidavit alleging venue exceptions under Subdivision 23 of Article 1995, V.A. C.S. The trial was before the court without a jury. After a hearing thereon, the trial court overruled appellant's plea of privilege. It is from this order that appellant has perfected its appeal to this Court.

The appellees alleged that they entered into a written contract with the appellant corporation for the purchase of a home.

They contended that appellant was responsible for the purchase of fire and casualty insurance by virtue of the contract between the parties. Pedro Amador, one of the appellees, testified that he lived in Kleberg County in the house upon which the property in question is located. He stated that he agreed to purchase the property from Glenmore, Inc. in June 1960, in their office on King Street in Kingsville, Kleberg County, Texas. He stated that from 1960 until 1971 he had made monthly payments on the contract in the corporation's office in Kingsville. He testified that a part of the payment included money for the purchase of insurance. In April 1971 the house burned down. Appellees learned then for the first time that Glenmore had not purchased insurance on the property as it was obligated to do under the contract.

The appellant admitted that they had entered into a contract originally with appellees but stated that a subsequent special agreement with appellees was entered into over the telephone. Appellees also admitted that a subsequent agreement controlled, but they stated that they accepted this oral agreement in Kleberg County. They testified that it coincided with the written contract heretofore entered into by the parties. The evidence introduced at the trial showed that the special agreement coincided with the terms of the original written contract. It was proved that a portion of the monthly payments made by appellees was dedicated to insurance and taxes. A policy of insurance had actually been purchased by appellant and had been in effect from 1960 until February 1971. The policy lapsed about two months prior to the fire that substantially destroyed appellee's home.

Subdivision 23 of Article 1995, V.A.C.S., provides as follows:

"Corporations and associations.—Suits against a private corporation, association, or joint stock company may be brought (1) *in the county in which its principal*

*office is situated*; or (2) *in the county in which the cause of action or part thereof arose*; or (3) *in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county*; \* \* \*" (Emphasis and parenthesis supplied.)

The essential venue facts that must be satisfied to conform with the requirements of the second part of the exception under Subdivision 23 are that: A) defendant is a corporation and B) that the cause of action or a part thereof arose in Kleberg County. It has been held that the making of a contract is a part of the cause of action and proof is satisfied by showing that the contract was made in that county. It is clear to us that the controverting affidavit and the testimony at the hearing on the plea of privilege contained the essential venue facts to entitle the appellees to have the case tried in Kleberg County. Sani-Serv Freezer Sales, Inc. v. Coker, 441 S.W.2d 649 (Tex.Civ.App.—Tyler 1969); Pitt Grill, Inc. v. Albert, 432 S.W.2d 160 (Tex.Civ. App.—Dallas 1968); Reserve Life Insurance Company v. Evans, 450 S.W.2d 894 (Tex.Civ.App.—Waco 1969); Article 1995, Subdivision 23, V.A.C.S.

Since appellees lived in Kleberg County and the appellant had a representative in that county to receive payments and did in fact receive such payments, we believe the third portion of the exception under Subdivision 23 also is applicable.

We have examined all of appellant's points of error in light of the pleadings and evidence. They are overruled. Judgment of the trial court is affirmed.

Affirmed.

SHARPE, J., not sitting.