## H. E. BUTT GROCERY COMPANY, Appellant,

v.

## Nancy TESTER et vir, Appellees.

### No. 770.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 31, 1973.

Rehearing Denied Sept. 24, 1973.

Dyer, Redford, Burnett, Wray & Woolsey, George G. Brin, Corpus Christi, for appellant.

O. F. Jones, Victoria, for appellees.

## OPINION

YOUNG, Justice.

This is a venue case. Mrs. Nancy Tester sued H. E. Butt Grocery Company in Victoria County for damages from personal injuries sustained on February 11, 1972, when she slipped and fell in defendant's store. Defendant filed a plea of privilege seeking transfer of the case to Nueces County. The plaintiff controverted. The only evidence at the hearing was two depositions. The trial court overruled the plea and defendant has appealed.

Plaintiff said she arrived at the defendant's store between 10:00 a. m. and 11:00 a. m. and that the accident happened about

45 minutes after her arrival. She was walking up the bread aisle pushing a laden grocery cart when she slipped and fell, thereby sustaining injuries. This had been her first time on that particular aisle that day. She identified the foreign substance she slipped on as "white stuff". She did not know the substance was on the floor before she slipped, how it got on the floor, or how long it had been there. After the fall she was helped to her feet by two persons who had been near by.

The assistant store manager, John Pozzi, was in charge of the store that morning. He testified that he was in the warehouse when notified of the fall. When he arrived, plaintiff was standing and talking to some store employees. He talked to plaintiff for a few minutes. He noticed nothing on her shoe. He identified the substance on the floor as a marshmallow. According to him, the store is cleaned and mopped every night after closing, and there are stock boys for each two to three aisles to keep them clean. Further, he said that these boys would notice something on the floor within minutes, though perhaps not right away. Occasionally, the boys would go out to the warehouse to get merchandise to replenish stock.

■ Appellant contends there is no evidence that he or any of his agents committed an act or omission of negligence in the county of suit or that the evidence is factually insufficient to show any negligence. The parties recognize the well established rules applicable to slip and fall cases involving a foreign substance on the floor. The complaining party must show one of the following: (1) that the defendant put the foreign substance on the floor; or (2) that the defendant knew the foreign substance was on the floor and willfully or negligently failed to remove it; or (3) that the foreign substance had been on the floor for such a period of time that it would have been discovered and removed by the defendant in the exercise of ordinary care. Foodway, Inc. v. Lopez, 480 S.W.2d 227 (Tex.Civ.App.—El Paso 1972, no writ); Great Atlantic & Pacific Tea Company v. Giles, 354 S.W.2d 410 (Tex. Civ.App.—Dallas 1962, n. r. e.). A storekeeper is not an insurer of his invited customers. Foodway, supra; Furr's, Inc. v. McCaslin, 335 S.W.2d 284 (Tex.Civ.App. —El Paso 1960, no writ). The mere fact that a foreign substance is on the floor is not sufficient to warrant an inference that the storekeeper had placed it there, or left it there, or knew of its presence, or that it had been there a sufficient length of time to enable the storekeeper to discover and remove it. Foodway, supra; Dill v. Holt's Sporting Goods Store, 323 S.W.2d 644 (Tex.Civ.App.—Houston 1959, no writ). For a business invitee to recover for injuries incurred on the business premises, he must show that those injuries were sustained in connection with a dangerous condition created by the occupier or known by him to have existed for such a length of time that by the use of ordinary care he would have removed it. Kroger Company v. Benavides, 486 S.W.2d 877 (Tex.Civ. App.—Corpus Christi 1972, no writ); Furr's Super Market, Inc. v. Jernigan, 380 S.W.2d 193 (Tex.Civ.App.—Amarillo 1964, no writ); Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.Sup.1963); J. Weingarten, Inc. v. Razey, 426 S.W.2d 538 (Tex.Sup.1968).

■ In the instant case, there is no evidence of negligence on defendant's part. The proof fails to show that defendant's employees put the substance on the floor. There is absence of proof that they knew of its presence and negligently or willfully failed to remove it. There is no indication in the record how long the "white stuff" had been on the floor. In the absence of any proof that the substance was there for a sufficient length of time for defendant to have discovered it, the defendant cannot

have been negligent. In brief, the evidence is that the defendant did not know it was there and that the store management has procedures by which substances such as this can be found and cleaned up.

Appellee claims that the case of H. E. Butt Grocery Company v. Quick, 396 S.W. 2d 541 (Tex.Civ.App.—San Antonio 1965, no writ) supports her position. It is distinguishable on its facts. There, plaintiff slipped and fell because of a slick spot on a ramp outside the store. The ramp was slick because of the continuous wear and usage of the asphalt. The accident occurred at night and lights were behind plaintiff. The determination of the case was made on the issue of plaintiff's realization and appreciation of the danger which was known to the store. This is clearly different from a situation involving the presence of a foreign substance on the floor. Appellant's "no evidence" point is sustained.

Finally, appellee in a reply point claims that appellant's points of error are too general to attack an implied finding by the trial court. This is without merit. Appellant's points challenge the finding of negligence made by the court. The trial court's finding was based on his implied finding that defendant knew or should have known of the substance on the floor and cleaned it up. An implied finding must be supported by evidence shown in the record. Strain Bros., Inc. v. Bennett, 456 S.W.2d 466 (Tex.Civ.App.—El Paso 1970, no writ). An attack on the negligence issue must of necessity include an attack on all included elements and implied findings supporting those elements. Appellee's reply point is overruled.

The judgment of the trial court is reversed and judgment here rendered that this case be transferred to one of the district courts of Nueces County, Texas.