**LOYD W. RICHARDSON CONSTRUCTION CORPORATION, Appellant,**

v.

**CORPUS CHRISTI STATE NATIONAL BANK, Appellee.**

No. 887.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 29, 1974.

Rehearing Denied Sept. 19, 1974.

Harrell Z. Browning, Harris, Cook, Browning & Barker, Corpus Christi, for appellant.

Henry Nuss, Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This is a venue case. The appellee, Corpus Christi State National Bank, filed suit in the county of its residence (Nueces County) against Island Harbor, Inc., a resident of Aransas County and Loyd W. Richardson Construction Corporation, resident of San Patricio County, Texas. The bank's suit alleged a cause of action for default in the payment of a promissory note and for a judicial foreclosure of its deed of trust that secured the note against Island Harbor, Inc., the maker and against Loyd W. Richardson Corporation as a party claiming adverse to the bank on the property which secured the note.

The appellant, Richardson, filed its plea of privilege asserting that venue should be where the land is located (Aransas County) under Subdivision 14 [1] of Article 1995,

---

1. "14. Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Vernon's Ann.Civ.St., and that no exception existed. Alternatively, it alleged that it was entitled to be sued in the county of its residence (San Patricio County). The bank answered Richardson's plea of privilege by controverting affidavit denying that venue existed under Subdivision 14. The bank alleged that suit could be maintained against Island Harbor, Inc. under Subdivision 5(a)[2] (since its promissory note was payable in Nueces County) and under Subdivision 23[3] (since Island Harbor, Inc.'s trustee in bankruptcy was its representative and he resided in Nueces County). The bank's controverting affidavit also asserted that the suit could be maintained against Richardson in Nueces County under Subdivision 29a[4] since its suit was maintainable against Island Harbor, Inc. in Nueces County and Richardson was a necessary party to that suit. No plea of privilege was filed by the trustee for Island Harbor, Inc. and no objection was raised concerning the fact that the trustee was named a party in the suit. The trial was before the court without a jury. After hearing the evidence, the trial court entered its judgment overruling Richardson's plea of privilege. Richardson has perfected its appeal to this Court. No findings of fact or conclusions of law were requested or filed herein.

■■■ Where no findings of fact or conclusions of law are filed in a venue case, the trial court's judgment implies all necessary fact findings to support it. It is the duty of the Appellate Court to consider only the evidence most favorable in support of the judgment indulging all reasonable conclusions and inferences favorable to the judgment and to disregard entirely that evidence which opposes it. We cannot set aside the trial court's judgment if there is any evidence of a probative nature to support it. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1950), Oxford Development Co. v. Eppes, 422 S.W. 2d 583 (Tex.Civ.App.—Corpus Christi 1967, n.w.h.).

On or about February 1, 1968, Island Harbor, Inc. executed a promissory note to the Corpus Christi State National Bank for $400,000.00. Contemporaneously Island Harbor, Inc. gave the bank a deed of trust lien which was duly filed of record.· Subsequently, Loyd W. Richardson Construction Corporation performed certain dredging and bulkheading services for Island Harbor, Inc. between August of 1968 until January, 1969. On March 31, Island Harbor, Inc. gave Richardson its promissory note for $164,107.85 covering these services which were performed from September 3, 1968, through that date. On September 30, 1969, Richardson signed a statutory affidavit purporting to create a mechanics lien to secure these prior services performed for Island Harbor, Inc.

A few days later, on October 2, 1969, Island Harbor, Inc. filed a petition for arrangement under Chapter XI of the Bank-

2. "5. Contract in writing.—(a) Subject to the provisions of Subsection (b), if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile. . . ."

3. "23. Corporations and associations.—Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county; . . . ."

4. "29a. Two or more defendants.—Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

ruptcy Act in the United States District Court. This was subsequently converted to regular bankruptcy. After which, Ben F. McDonald, Jr. was appointed trustee. The trustee, after examining the liens against the property, asked that the property be abandoned so that the various claimants holding claims against the property could pursue their various remedies. The bankruptcy court ordered the property abandoned as prayed by the trustee's petition. Thereafter, the bank filed this suit seeking foreclosure on the defaulted note against Island Harbor, Inc. and against Richardson because of its purported mechanics and materialman's lien affidavit which claimed a lien against the land in Aransas County, Texas.

Richardson's first point of error is that the trial court erred in overruling its plea of privilege to be sued in the county where the land is situated in accordance with Subdivision 14 of Article 1995, V.A.C.S. (see footnote 1).

■ In a plea of privilege hearing, the plaintiff is required to establish: 1) the nature of the suit and 2) the facts which will justify venue in that particular county. The nature of the suit is to be determined by the court primarily upon the cause of action as set forth in plaintiff's petition. 60 Tex.Jur.2d Venue Section 201, pages 27–33. Here, the bank's suit was for debt on its defaulted note and to judicially foreclose its deed of trust on the real estate securing the payment of the note. It is well settled that a suit to judicially foreclose a deed of trust lien on real estate is not a suit for the recovery of lands and is not thereby covered by the provisions of Subdivision 14. Bennett v. Langdeau, 362 S.W.2d 952 (Tex.Sup.1962), Weaver v. Acme Finance Company, 407 S.W.2d 227 (Tex.Civ.App.—Corpus Christi 1966, n.w.h.). The appellant relied upon Sanders v. Camp, 154 S.W.2d 306 (Tex. Civ.App.—Amarillo 1941, n.w.h.). In Sanders, the suit was to foreclose a judg-

ment lien which was originally obtained in Wheeler County based upon a written instrument payable in Wheeler County. The appellate court held that the suit to foreclose the judgment lien could not be maintained in Wheeler County in preference to defendant's county of residence. This was so because the original obligation had lost its identity when it was reduced to judgment. The new obligation (the judgment lien), then came into existence. The Sanders' case is clearly distinguishable. Appellant's first point of error is overruled.

■ Appellant's second point of error is that the trial court erred in finding as a fact that the bank's suit is upon a contract in writing performable in a particular county, expressly naming such county within the meaning of Subdivision 5(a), Article 1995, V.A.C.S. The bank's petition alleged that Island Harbor, Inc. executed and delivered to the bank its promissory note in the amount of $400,000.00, "payable in Nueces County, Texas", a true copy of the note was attached as an exhibit to the petition and was incorporated therein by reference. The note was introduced into evidence at the plea of privilege hearing. Clearly, the suit was maintainable against Island Harbor, Inc. under Subdivision 5. See Garcia v. Coastal Bend Production Credit Ass'n, 430 S.W.2d 385 (Tex.Civ. App.—Corpus Christi 1968, n.w.h.). Island Harbor, Inc. and Richardson admitted that the bank was a national banking institution, having its principal place of business in Nueces County; that Ben F. McDonald, Jr. was duly appointed and was serving as trustee in bankruptcy for Island Harbor, Inc. and that both the residences and business addresses of Ben F. McDonald, Jr. were in Nueces County. Therefore, under the uncontroverted facts, venue was proper as to Island Harbor, Inc. not only under Subdivision 5 but also under Subdivision 23 since the bank was a resident of Nueces County at the time the cause of action arose and Island Harbor, Inc. had a representative (Ben F. McDonald, Jr., the trus-

tee) in Nueces County at that time. See Glenmore, Inc. v. Amador, 472 S.W.2d 219 (Tex.Civ.App.—Corpus Christi 1971, n.w. h.).

Since the note was payable in Nueces County and Island Harbor, Inc. had a representative in Nueces County, Subdivision 29a may then come into play. This exception (29a) provides that whenever there are two or more defendants in any suit brought in any county in this State and such suit is maintainable therein under the provisions of Article 1995 as to any one of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto.

Subdivision 23 or 5(a) can be properly combined with Subdivision 29a so as to lay venue in Nueces County as to Richardson, since Richardson is a necessary party. The indebtedness owed to the bank was secured by a deed of trust lien from Island Harbor, Inc. The deed of trust was filed for record prior to the lien asserted by Richardson. Richardson's statutory affidavit was recorded subsequently to the filing of the bank's deed of trust lien. This makes Richardson a necessary party to the bank's suit to judicially foreclose its deed of trust lien. Venue is thus proper and may be maintained in Nueces County against Island Harbor, Inc. under subdivision 5 or 23 and against Richardson under Subdivision 29a as a necessary party to the bank's suit. Colonial Savings & L. Ass'n v. Texboro Cabinet Corp., 401 S.W.2d 357 (Tex.Civ.App.—Fort Worth, 1966, n.w.h.), Shaw v. Allied Finance Company, 161 Tex. 88, 337 S.W.2d 107 (1960). See also Faubion v. Rogers, 66 Tex. 472, 1 S.W. 166 (1886) and Weaver v. Acme Finance Company, 407 S.W.2d 227 (Tex.Civ.App.—Corpus Christi, 1966, n.w.h.). All of Appellant's points have been considered and are overruled.

The judgment of the trial court is affirmed.