MOBILE COUNTY MUTUAL INSUR-
ANCE COMPANY, Appellant,

v.

Charlsie Warren JACOBS, Appellee.

No. 1060.

Court of Civil Appeals of Texas,
Corpus Christi.

Dec. 17, 1975.

James R. Roos, Painter & Painter, Houston, for appellant.

Samuel J. Lee, Angleton, Dale Harvill, Houston, for appellee.

## OPINION

NYE, Chief Justice.

This is a venue case. Plaintiff Charlsie Warren Jacobs brought suit against defendant Mobile County Mutual Insurance Company (plaintiff's liability insurance carrier) to recover damages sustained as a result of an automobile collision with an uninsured

motorist. The suit was filed in the District Court of Brazoria County, Texas. Defendant insurance company filed a plea of privilege to be sued in Dallas County, the county of its alleged residence. The trial court, after hearing evidence, overruled the defendant insurance company's plea of privilege and this appeal resulted.

Plaintiff was a resident of Brazoria County, Texas. The plaintiff alleged that the defendant insurance company was a corporation doing business in Texas with residence in Dallas, Texas. Plaintiff alleged that the defendant insurance company issued a policy of insurance whereby defendant contracted to provide coverage for injuries and damages sustained by the insured which were caused by acts of negligence of an uninsured motorist. Plaintiff further alleged that while this policy was in full force and effect, he was involved in a collision with an uninsured motorist, namely Carl Michael Rowlett; that the collision occurred in Brazoria County on or about October 27, 1973, and was proximately caused by specific acts of negligence of Rowlett which in effect amounted to his failure to operate his vehicle as a person exercising ordinary care would have under the same or similar circumstances.

The proof and evidence showed that the uninsured motorist was negligent and that such negligence was a proximate cause of the collision in question. Plaintiff, on or about October 27, 1973, was traveling north in the right hand lane of Highway 288 toward Angleton, Texas. Carl Rowlett, the uninsured motorist, pulled out of the parking lot of "Bud's Beer Joint" and onto the highway in front of several vehicles which were at that time ahead of plaintiff. Upon entering the highway, Rowlett apparently stalled out and came to a stop in plaintiff's lane of traffic. Those cars ahead of plaintiff swerved and successfully avoided colliding with Rowlett. However, plaintiff testified that he was unable to swerve in time to avoid colliding with Rowlett. Plaintiff alleged and proved that he sustained substantial injuries and damages.

■ Findings of fact and conclusions of law were neither requested nor filed. Where findings of fact and conclusions of law were not requested or filed, the trial court's judgment should be affirmed if it can be upheld on any legal theory that finds support in evidence. *Bishop v. Bishop*, 359 S.W.2d 869 (Tex.Sup.1962); *Life & Casualty Insurance Company of Tennessee v. Rivera*, 420 S.W.2d 788 (Tex.Civ.App.—Corpus Christi 1967, no writ). In venue cases, we must presume, therefore, that the trial court resolved every issue of fact raised by the evidence in appellee's favor. We must view the evidence in the light most favorable to such findings, disregarding all evidence that is contrary thereto. *James v. Drye*, 159 Tex. 321, 320 S.W.2d 319 (1959); *Loyd W. Richardson Construction Corporation v. Corpus Christi State National Bank*, 513 S.W.2d 287 (Tex.Civ.App.—Corpus Christi 1974, writ dism'd w. o. j.).

■ We are not unmindful of the venue rule that asserts that generally a person's right to be sued in the county of his residence is a valuable right and should never be denied except upon clear and convincing proof that the alleged cause of action comes within an exception to Article 1995, Tex. Rev.Stat.Ann. *City of Mineral Wells v. McDonald*, 141 Tex. 113, 170 S.W.2d 466 (1943); *Neuhaus v. Daniels*, 430 S.W.2d 906 (Tex.Civ.App.—Amarillo 1968, writ dism'd); *Stanley v. Savage*, 489 S.W.2d 461 (Tex.Civ. App.—Corpus Christi 1972, no writ).

■ Defendant urges in its first point of error that "the trial court erred in overruling appellant's plea of privilege by holding that Subdivision 9(a) of Article 1995, V.A. T.S. was applicable to sustain venue in Brazoria County." The defendant insurance company asserts in its brief that Subdivision 9a, Article 1995, V.A.T.S., has no relevancy of any kind to this suit. Appellant states: *"Citations of authorities are so well known that it is hardly necessary to cite the classic cases relative to this well known exception and none will be cited."* (Empha-

sis supplied.) Appellant's point of error is overruled as its brief fails to meet the requirements of the rules of civil procedure relative to briefing. See Rule 418, T.R.C.P.

Appellant's second point is that the trial court erred in overruling appellant's plea of privilege by holding that any other section of Article 1995, V.A.T.S. was applicable to sustain venue in Brazoria County, Texas. Appellant contends that no other exception is applicable because the plaintiff did not refer specifically to an exception, naming such numbered exception. In support of this argument, the appellant states:

". . . Appellant argues and cites as its absolute authority the well known case of *Victoria Bank and Trust Co. v. Monteith*, 138 Tex. 216, 158 S.W.2d 63, by the Commission of Appeals of Texas, Section A, 1941. On page 66 of that classic opinion we find the following word by Commissioner Smedley:

' * * * Whatever the proof may have been, venue cannot be retained in Harris County under an exception not invoked, or upon a venue fact not alleged as such, in the controverting affidavit.' "

■ While it may be true that a literal construction of the quoted words in the *Monteith* opinion would indicate argumentatively, that a specific exception should be set out, the courts of Texas have not so held. Our Supreme Court in *Cowden v. Cowden*, 143 Tex. 446, 186 S.W.2d 69 (1945) stated that all that a plaintiff must allege and prove in order to maintain a suit in a county other than that of the defendant's domicile, over the latter's proper protest, has been denominated "venue facts" and defined as "those which are stated in the particular exception of article 1995 that is applicable or appropriate to the character of suit alleged in plaintiff's petition." *Compton v. Elliott*, 126 Tex. 232, 88 S.W.2d 91 (1935, opinion adopted). Here, plaintiff's petition was incorporated in its controverting affidavit. The controverting plea alleged venue facts which, with the proof heard by the trial court, were sufficient to invoke subsection 23 of Article 1995 to take the case from the general rule of venue.

■ Subdivision 23 provides that suits against a corporation may be brought in the county where plaintiff resided at the time the cause of action or part thereof arose, provided the corporation has an agency or representative in such county. The proof necessary must make out the following elements: 1) that the plaintiff resided in the county at the time the cause of action or a part thereof arose; and 2) that the corporation has an agency or representative in the county.

It was also stated in *Victoria Bank and Trust Co. v. Monteith*, 138 Tex. 216, 158 S.W.2d 63 (1941, opinion adopted) that in order to prove that ". . . a cause of action has arisen in his favor a plaintiff must prove that he in fact has a cause of action. It was necessary, therefore, for the respondents Allison and others, plaintiffs in district court, when invoking this exception in subdivision 23 in order to defeat the plea of privilege, both to *plead specifically* and *to prove facts showing that a cause of action arose in their favor against the defendant. . . .*" (Emphasis supplied.)

■ The proof from the record showed that the plaintiff purchased the contract of insurance from an agent of the defendant in Brazoria County; that Carl Michael Rowlett was an uninsured motorist and that the defendant company refused to pay to plaintiff his claim in Brazoria County. We hold that the quantum of proof was sufficient to sustain venue under Subdivision 23 of Article 1995, V.A.C.S. *State Farm Mutual Automobile Insurance Company v. Matlock*, 462 S.W.2d 277 (Tex.Sup. 1970) and *Employers Casualty Company v. Clark*, 491 S.W.2d 661 (Tex.Sup.1973).

The judgment of the trial court is affirmed.