**DAIRY QUEEN STORES, INC.,**
**Appellant,**

v.

**Ricarlo SILVA and Sylvia Silva,**
**Appellees.**

**No. 1145.**

Court of Civil Appeals of Texas,
Corpus Christi.

May 20, 1977.

Ferriel C. Hamby, Jr., Adams, Graham, Lewis, Jenkins, Jones & Graham, Harlingen, for appellant.

Randall P. Crane, Chavez, Barnard & Crane, Harlingen, for appellees.

OPINION

NYE, Chief Justice.

This is a venue case. Ricardo and Sylvia Silva brought suit in Cameron County against Dairy Queen Stores, Inc. for damages allegedly sustained as a result of the consumption of contaminated food sold to the Silvas by the appellant's San Benito store. Dairy Queen Stores, Inc. filed its plea of privilege to be sued in Dallas County, Texas, where it allegedly has its domicile and principal place of business in Texas. The Silvas controverted the plea and sought to maintain venue in Cameron County under the provisions of Subdivisions 9a, 23 and 31, Article 1995, Vernon's Rev.Civ.Stat.Ann. (Sup.1976). Following a non-jury hearing, the plea of privilege was overruled. Dairy Queen Stores, Inc. has perfected appeal from this action by the trial court to this Court.

The facts surrounding this controversy are as follows. On the morning of April 19, 1975, the Silvas awoke and spent the morning watching television and cleaning house. At approximately 1:30 p. m., the Silvas and their daughter left their house to do some local shopping. At approximately 3:30 that afternoon, they stopped at the Dairy Queen Store in San Benito and ordered a hamburger. After picking up their purchase, they drove to a local park where Mrs. Silva consumed almost the entire hamburger except for one bite which she gave to Mr. Silva. The Silvas returned home at approximately 4:30 p. m. and fell asleep. At approximately 6:00 p. m., Mr. Silva awoke experiencing discomfort which included diarrhea. Shortly thereafter, his wife also awoke complaining she was dizzy, had cramps, nausea and diarrhea. These symptoms persisted to such an extent that Mr. Silva took his wife to a local hospital where she was admitted and remained for four days. Both of the Silvas testified the only food they consumed between the time they awoke and the onset of the illness was the hamburger purchased from appellant's store.

The appellant brings three points of error to this Court. Appellant's first point is that

there was no evidence of any negligence by them in Cameron County as required by Subdivision 9a of Article 1995. Appellant's second point is that there is insufficient evidence of a cause of action in Cameron County or that appellant had an agent or representative in Cameron County and finally, that there was insufficient evidence of a breach of warranty by appellant.

█ In order to sustain venue under Subdivision 9a of Article 1995, the plaintiff must establish: 1) that an act or omission of negligence occurred in the county where suit was filed; 2) such act or omission was that of defendant, or his servant, agent or representative acting within the scope of his employment; and 3) such negligence was a proximate cause of defendant's injury. *Heldt v. McCreary*, 399 S.W.2d 181 (Tex.Civ.App.—Corpus Christi 1966, no writ); *Calhoun v. Padgett*, 409 S.W.2d 890 (Tex.Civ.App.—Tyler 1966, no writ); *Shelburne v. Christi-Hickman Drilling Company*, 295 S.W.2d 476 (Tex.Civ.App.—Amarillo 1956, no writ).

█ Appellee contends that negligence was proven under the doctrine of res ipsa loquitur. Res ipsa loquitur is simply a rule of evidence whereby negligence may be inferred upon proof of certain factors. These factors are: 1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and 2) the instrumentality causing the injury is shown to have been under the management and control of the defendant. *Mobil Chemical Company v. Bell*, 517 S.W.2d 245 (Tex.Sup. 1974); *Owen v. Brown*, 447 S.W.2d 883 (Tex.Sup.1969); *Bond v. Otis Elevator Company*, 388 S.W.2d 681 (Tex.Sup.1965); *Socony Mobil Company, Inc. v. Southwestern Bell Telephone Co.*, 518 S.W.2d 257 (Tex. Civ.App.—Corpus Christi 1974, no writ). The first factor is necessary to support the inference of negligence and the second factor is necessary to support the inference that the defendant was the negligent party. See *Bond v. Otis Elevator Company*, supra. The following quote from *Sweeney v. Erving*, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815 (1913) has been quoted with approval by many of the courts of this State:

"In our opinion, res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. Res ipsa loquitur, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff."

See *Mobil Chemical Company v. Bell*, supra. The effect of successfully invoking the res ipsa doctrine is that the plaintiff can overcome "no-evidence" procedural challenges. He has, by successfully invoking the doctrine, produced some evidence of the defendant's negligence. *Mobil Chemical Company v. Bell*, supra. The plaintiff, however, is still in the same position as any other plaintiff who has made out a case for the finder of fact. No presumption of the defendant's negligence arises; the finder of fact is merely free to infer negligence. See *Sudduth v. Commonwealth County Mutual Insurance Company*, 454 S.W.2d 196 (Tex. Sup.1970).

█ In order to rely on the res ipsa doctrine, the plaintiff must produce some evidence from which the finder of fact can conclude by a preponderance of the evidence, that both the "type of accident" and "control" factors are present. This is not so much a rule of law as it is a rule of logic. Unless these factors are present, the finder of fact cannot reasonably infer from the circumstances of the occurrence that the defendant was negligent. In a great many cases, the plaintiff can rely upon general knowledge to prove that the occurrence in question is the type of occurrence which does not ordinarily happen in the absence of negligence. *Mobil Chemical Company v.*

*Bell,* supra. Marrs, Res Ipsa Loquitur in Texas, 26 Texas L.Rev. 260–263 (1948); *Owen v. Brown,* supra. Mere proof of an injury, in the absence of proof of the manner in which it was received and the circumstances attending the occurrence thereof, is insufficient to warrant an inference of negligence on the part of the defendant so as to invoke the doctrine. *Patrol Valve Company v. Farrell,* 316 S.W.2d 92 (Tex.Civ. App.—Amarillo 1958, writ ref'd n.r.e.); *Alley v. Texas Electric Service Co.,* 134 S.W.2d 762 (Tex.Civ.App.—Eastland 1939, no writ).

■ The question presented then, under appellant's first point of error, is whether or not Dairy Queen's negligence was the proximate cause of the Silvas' injuries. We hold that the evidence is clearly sufficient to establish the necessary elements of Subdivision 9a, that is: that the act occurred in Cameron County; that the act was that of Dairy Queen or its servants, agents or employees acting within the scope of their employment; and that Dairy Queen's negligence was the proximate cause of the Silvas' injuries. The direct testimony of both Mr. and Mrs. Silva that the offending instrumentality, the hamburger, was under the exclusive care and control of Dairy Queen prior to the time it was sold to the Silvas; that there was no misuse or alteration of the hamburger prior to its consumption by the Silvas; together with their testimony that they had not eaten anything else prior to the onset of their illness was sufficient to show that the character of the occurrence was such that it would not have ordinarily occurred in the absence of negligence.

■ Both of the Silvas testified they were in good health prior to eating the hamburger and became ill shortly after its consumption. They both testified that the hamburger was the only food consumed by them prior to the onset of their illness. From this evidence, it was entirely reasonable for the finder of fact to infer from the circumstances of the occurrence that Dairy Queen was negligent. The possibility of other causes does not have to be completely eliminated, but their likelihood must be so reduced that the finder of fact can reasonably find by a preponderance of the evidence that the defendant was negligent. *Mobil Chemical Company v. Bell,* supra. We think that the evidence is sufficient to have allowed the trial court to reasonably find that Dairy Queen was negligent and that this negligence was the proximate cause of the Silvas' injuries. Appellant's first point of error is overruled.

■ Venue as to a corporation under Subdivision 23, Article 1995, is proper in a county where plaintiff's cause of action is established by facts which show: 1) plaintiff's primary right; and 2) defendant's act or omission which violates that right. *Socony Mobil Company, Inc. v. Southwestern Bell Telephone Co.,* 518 S.W.2d 257 (Tex. Civ.App.—Corpus Christi 1974, no writ). 1 McDonald, Texas Civil Practice § 4.30.2 (1965). Under Subdivision 23, plaintiff was required to prove all of the elements of a cause of action against Dairy Queen, Inc. and that the cause of action arose in Cameron County. *Socony Mobil Company, Inc. v. Southwestern Bell Telephone Co.,* supra, and cases cited therein. It is established by the record that Dairy Queen, Inc. is a corporation which is a resident of Dallas County, Texas. Plaintiff alleged and proved all the elements of a cause of action in negligence against Dairy Queen, Inc. Therefore, the trial court was also justified in sustaining venue under Subdivision 23 of Article 1995. Appellant's second point of error is also overruled.

■ In his order overruling appellant's plea of privilege, the trial court did not recite which venue exception it held applicable in overruling the plea. Nor did the trial court make any findings of fact or conclusions of law. Where the trial court does not make findings, it is this Court's duty to affirm the order of the trial court if it can be sustained on any reasonable theory suggested by evidence and authorized by law. *James v. Drye,* 159 Tex. 321, 320 S.W.2d 319 (1959); *Mobile County Mutual Insurance Company v. Jacobs,* 531 S.W.2d 436 (Tex.Civ.App.—Corpus Christi 1975, no

writ); *Loyd W. Richardson Construction Corporation v. Corpus Christi State National Bank*, 513 S.W.2d 287 (Tex.Civ.App.—Corpus Christi 1974, no writ); *Pearson v. Stevens*, 446 S.W.2d 381 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ); *Connor v. City of University Park*, 142 S.W.2d 706 (Tex.Civ.App.—Dallas 1940, writ ref'd). We, therefore, hold that the trial court correctly overruled the plea under both Subdivisions 9a and 23 of Article 1995. It is not necessary that we consider appellant's third point of error.

The judgment of the trial court is AFFIRMED.

AFFIRMED.