H. E. BUTT GROCERY COMPANY,
Appellant,

v.

Lucille HAWKINS, Appellee.

No. 1587.

Court of Civil Appeals of Texas,
Corpus Christi.

Jan. 17, 1980.

John R. Gilbert, Gilbert & Gilbert, Angleton, for appellant.

Gene Hagood, Britt, Brown & Todd, Alvin, for appellee.

## OPINION

NYE, Chief Justice.

This is a slip-and-fall venue case. Lucille Hawkins brought suit against defendant, H. E. Butt Grocery Company, for personal injuries she allegedly sustained when she slipped and fell in the defendant's grocery store in Bay City, Matagorda County, Texas. After hearing evidence, the trial judge overruled defendant's plea of privilege, and this appeal resulted. The only issue on appeal is whether or not venue is properly maintainable in Matagorda County under Subdivision 9a of article 1995, Tex.Rev.Civ. Stat.Ann. (1965). See *Sunset Brick & Tile, Inc. v. Bushong*, 419 S.W.2d 386, 388 (Tex. Civ.App.—Corpus Christi 1967, no writ);

188

*Sunset Brick & Tile, Inc. v. Miles*, 417 S.W.2d 93, 95 (Tex.Civ.App.—Corpus Christi 1967, no writ); 1 McDonald, Texas Civil Practice, § 4.17.2 (1965).

Where, as here, findings of fact and conclusions of law were not requested or filed, the trial court's judgment should be affirmed if it can be upheld on any legal theory that finds support in the pleadings and in the evidence. *Bishop v. Bishop*, 359 S.W.2d 869 (Tex.Sup.1962); *Mobile Cty. Mut. Ins. Co. v. Jacobs*, 531 S.W.2d 436, 438 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Life & Casualty Insurance Co. of Tenn. v. Rivera*, 420 S.W.2d 788 (Tex.Civ. App.—Corpus Christi 1967, no writ). We presume that the trial court resolved every issue of fact that was supported by the evidence in appellee's favor. The evidence will be viewed in the light most favorable to such judgment, disregarding all evidence that is contrary thereto. *James v. Drye*, 159 Tex. 321, 320 S.W.2d 319 (1959); *Mobile Cty. Mut. Ins. Co. v. Jacobs*, 531 S.W.2d 436 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Loyd W. Richardson C. C. v. Corpus Christi State N. Bank*, 513 S.W.2d 287 (Tex. Civ.App.—Corpus Christi 1974, no writ).

In a slip-and-fall suit, such as the one that is before us, the plaintiff must establish that: 1) the defendant placed the substance on the floor; or 2) the defendant knew that the substance was on the floor and willfully or negligently failed to remove it; or 3) the substance had been on the floor for such a period of time that it would have been discovered and removed by defendant in the exercise of ordinary care. *H. E. Butt Grocery Company v. Tester*, 498 S.W.2d 683 (Tex.Civ.App.—Corpus Christi 1973, no writ); *H. E. B. Food Stores v. Slaughter*, 484 S.W.2d 794 (Tex.Civ.App. —Corpus Christi 1972, writ dism'd); *Great Atlantic & Pacific Tea Company v. Giles*, 354 S.W.2d 410 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.).

Plaintiff testified by deposition that she entered the H. E. B. store at approximately 3:30 or 3:35 p. m. on the occasion in question. She described the door which opened automatically and stated in essence that she had taken approximately one or two steps off of the mat which was located on the inside of the store next to the door when she slipped and fell in some rain water that had accumulated there. The water on the floor was approximately one-half inch deep and covered approximately two feet of floor space. Plaintiff testified that she did not see anything on the floor until she fell. It was undisputed that she was injured as a result of her fall.

Kaiser, the manager on duty at the time plaintiff fell, testified in substance that he was aware that the combination of a heavy rainfall and a North wind, on prior occasions, had caused water to be tracked into the store by customers and had caused water to be blown through the door as it opened and to accumulate in dangerous quantities on the floor near the door mat inside. He further testified to the effect that: 1) such weather conditions existed on the day in question; 2) water accumulated so rapidly that he and another employee had to mop the floor in that area at least four or five times during the hour or so immediately preceding the time plaintiff fell; 3) at the time of each mopping, several minutes were required to remove such accumulation and 4) he spent about the same amount of time to remove the water which had accumulated when he mopped the floor immediately after plaintiff fell. Kaiser testified specifically:

"Q. Did it surprise you that someone fell at that time?

A. No.

Q. I am sorry?

A. No, sir.

Q. It didn't surprise?

A. No, sir."

Kaiser also testified concerning his knowledge of the short length of time required for the water to accumulate under the particular weather conditions then existing. Kaiser admitted that no signs were erected to warn store patrons of the wet condition of the floor, nor was anybody posted at the door to tell people there was a water hazard. He stated that "we usually kept it [the water] mopped up."

Appellant, as an occupier of premises, had the duty to use ordinary care to

keep its premises in a reasonably safe condition for its invitees or to warn them of the hazard. *J. Weingarten, Inc. v. Razey*, 426 S.W.2d 538, 539 (Tex.Sup.1968); *Halepeska v. Callihan Interests, Inc.*, 371 S.W.2d 368 (Tex.Sup.1963); *H. E. B. Food Stores v. Slaughter*, 484 S.W.2d 794, 796 (Tex.Civ. App.—Corpus Christi 1972, writ dism'd). What constitutes a hazard or danger depends upon the facts or circumstances of each case. As stated by our Supreme Court in *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex.Sup.1975):

> "Whether a condition constitutes a danger is a function of reasonableness. That is, if the ordinarily prudent man could foresee that harm was a likely result of a condition, then it is a danger."

See also *Seideneck v. Cal Bayreuther Associates*, 451 S.W.2d 752 (Tex.Sup.1970).

 We are of the opinion that the direct and circumstantial evidence adduced at the plea of privilege hearing was sufficient for the able trial judge (sitting as a fact finder) to conclude that, at the time of plaintiff's fall, defendant's employees knew or should have known that water was present and continuing to accumulate on the floor, and they negligently failed to remove the water.

The trial court's order overruling appellant's plea of privilege is affirmed.