**H. E. B. FOODS, INC., et al., Appellants,**

v.

**Mattie D. MOORE, Appellee.**

**No. 1653.**

Court of Civil Appeals of Texas, Corpus Christi.

April 24, 1980.

---

3. Note 2, supra.

4. Note 1, supra.

5. Note 2, supra.

John R. Gilbert, John D. Rainey, Gilbert, Gilbert & Rainey, Angleton, for appellants.

Robin D. Orr, Orr & Hamlin, Bay City, for appellee.

## OPINION

NYE, Chief Justice.

This is a slip-and-fall venue case. Mattie D. Moore brought suit against defendant, H. E. Butt Grocery Company, for personal injuries she allegedly sustained when she slipped and fell in the defendant's grocery store in Bay City, Matagorda County, Texas. After hearing evidence, the trial judge overruled defendant's plea of privilege, and this appeal resulted. The only issue on appeal is whether or not venue is properly maintainable in Matagorda County under Subdivision 9a of article 1995, Tex.Rev.Civ. Stat.Ann. (1965).

Where, as here, findings of fact and conclusions of law were not requested or filed, the trial court's judgment should be affirmed if it can be upheld on any legal theory that finds support in the pleadings and in the evidence. *Bishop v. Bishop*, 359

S.W.2d 869 (Tex.Sup.1962); *Mobile Cty. Mut. Ins. Co. v. Jacobs*, 531 S.W.2d 436, 438 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Life and Casualty Insurance Co. of Tenn. v. Rivera*, 420 S.W.2d 788 (Tex.Civ. App.—Corpus Christi 1967, no writ). We presume that the trial court resolved every issue of fact that had support in the evidence in appellee's favor. Such evidence, if any, will be viewed in the light most favorable to such judgment, disregarding all evidence that is contrary thereto. *James v. Drye*, 159 Tex. 321, 320 S.W.2d 319 (1959); *Mobile Cty. Mut. Ins. Co. v. Jacobs*, supra; *Loyd W. Richardson Construction Corp. v. Corpus Christi State National Bank*, 513 S.W.2d 287 (Tex.Civ.App.—Corpus Christi 1974, no writ); *H. E. Butt Grocery Co. v. Hawkins*, 594 S.W.2d 187 (Tex.Civ.App.— Corpus Christi 1980, no writ).

In the classic slip-and-fall suit, such as the one that is before us, the plaintiff must establish that: 1) the defendant placed the substance on the floor; or 2) the defendant knew that the substance was on the floor and willfully or negligently failed to remove it; or 3) the substance had been on the floor for such a period of time that it would have been discovered and removed by defendant in the exercise of ordinary care. *H. E. Butt Grocery Co. v. Hawkins*, 594 S.W.2d 187 (Tex.Civ.App.—Corpus Christi 1980, no writ) and authorities cited therein.

At the hearing on the plea of privilege, three witnesses testified: the plaintiff, Mattie D. Moore; her step-daughter, Judy Moore; and the store manager, Mr. Ray Parker. Mrs. Moore testified that she had been shopping in the store for about 30–35 minutes in late morning between 10:00 and 11:00 a. m. She testified that as she passed by the meat department and approached the produce department, she started to turn from the area where the mustard greens were displayed to the area where the potatoes were located. As she turned, she slipped and fell in what she presumed to be a puddle of water. The evidence concerning the circumstances surrounding the events of her fall was very sketchy.

The record discloses that the defendant's store opened its doors for business at 8:00 a. m. It was the store's practice to spray the produce with water approximately each half hour. The store manager assigned one produce manager to this department and had possibly one other employee assigned in the general area around the produce counter. The plaintiff testified that, although she did not see any substance on the floor, she assumed it was water because her clothing was wet and dirty after her fall. She stated that when she fell, the produce manager was within one or two feet of her and assisted her in getting up after the fall.

There was no direct evidence as to the length of time the water had been on the floor prior to plaintiff's fall. Her only basis of recovery is number 3 above because it is undisputed that the defendant's employees did not place the water on the floor (no. 1 above), or know that the substance was on the floor and willfully or negligently failed to remove it (no. 2 above). The pivotal question, then, is whether there is any evidence, direct or circumstantial, that the water had been upon the floor for such a period of time that it would have been discovered and removed by the defendant's employees had the defendant's employees exercised ordinary care. In this regard, the appellee (Mrs. Moore) contends that, since the defendant's produce manager was within two feet of Mrs. Moore when she slipped and fell, he, in the exercise of ordinary care, should have discovered the water on the floor and either cleaned it up or warned her of its presence, citing *Kimbell, Inc. d/b/a Foodway # 164 v. Hernandez*, 572 S.W.2d 784 (Tex.Civ.App.—El Paso 1978, no writ). This case is distinguishable on the facts.

The produce manager was unavailable and did not testify. The manager speculated that the produce manager could have seen the substance on the floor when he responded to the following question:

"Q: Well, then, I take it if he (produce manager) was able to see her slip, he was also in a position to see what caused her to slip?

A: He should have been. Yes, Sir."

■ The mere fact that a foreign substance is on the floor of a store, which caused the floor to become slippery, and that a store employee is in the immediate vicinity at the time the plaintiff fell, is not sufficient evidence, standing alone, to raise an inference that the storekeeper either placed the substance there; knew that it was there and willfully or negligently failed to remove it; or that the substance had been there for a sufficient length of time that such store employee would or should have discovered and removed the substance, had he used ordinary care. *Newton v. General Manager of Scurlock's Supermarket,* 546 S.W.2d 76 (Tex.Civ.App.—Corpus Christi 1976, no writ); *H. E. Butt Grocery Company v. Tester,* 498 S.W.2d 683 (Tex. Civ.App.—Corpus Christi 1973, no writ). Since there is no evidence as to length of time that the substance had been on the floor, we look to the undisputed evidence to determine the length of time that the store employee was in the vicinity of the place where Mrs. Moore fell.

Appellee Moore's own witness (her stepdaughter) testified that the produce manager had just arrived at the scene at the time Mrs. Moore fell. Question to Judy Moore:

"Q: All right. How far had you gone up that aisle from that end of the aisle up toward the front when Mattie fell?

A: I was right behind her.

Q: O.K. Did she fall on you?

A: No, Sir.

Q: O.K. Did you have to jump out of the way?

A: Yes, Sir.

Q: O.K. How far from where she fell was the produce manager standing?

A: He was coming from—he was coming from back that way (indicating), and she was going down.

Q: Where they both going the same direction, then?

A: No, Sir.

Q: O.K. Was he coming from the front of the store toward the back?

A: He was coming from the side.

Q: O.K. And how far away was he from her when she fell?

A: Not too far."

Although there was testimony that the vegetables were washed in the morning and a fine mist was sprayed on them to keep the vegetables from dehydrating every 30 minutes, there is no evidence in the record that the puddle of water in which plaintiff fell, either came from the vegetables, or got there from some means other than defendant's fault. *H. E. Butt Grocery Company v. Kirkwood,* 384 S.W.2d 790 (Tex.Civ.App.— Corpus Christi 1964, no writ).

■ We hold that there is no evidence to support the trial court's implied finding that the water had been there for a sufficient length of time that defendant store owner should have known of its presence and failed in the exercise of ordinary care to either warn of its presence or remove it. The judgment of the trial court is reversed and the cause is ordered transferred to the district court of Nueces County for a hearing on its merits.

REVERSED AND RENDERED.