**H. E. BUTT GROCERY STORE,**
Appellant,

v.

**Lillie Mae HAMILTON, Appellee.**

**No. 2512cv.**

Court of Appeals of Texas,
Corpus Christi.

April 15, 1982.

David V. Jones, Fulbright & Jaworski, Houston, for appellant.

Kenneth L. Smith, Houston, for appellee.

Before NYE, C. J., and BISSETT and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from an order overruling a plea of privilege. Plaintiff Lillie Mae Hamilton, a resident of Wharton County, Texas, brought suit to recover for personal injuries sustained when she slipped and fell on the floor of H. E. Butt Grocery Store in Wharton County, Texas. Defendant H. E. Butt Grocery Co., filed a plea of privilege to be sued in Nueces County, the county of its domicile. In reply, plaintiff filed a controverting affidavit alleging that the suit was lawfully maintainable in Wharton County, Texas, under Sec. 9a, the "negligence" exception of the Texas Venue Statute, art. 1995, Tex.Rev.Civ.Stat.Ann. After a hearing before the court sitting without a jury, the trial court overruled the plea of privilege. H. E. Butt Grocery Co. appeals.

The evidence shows that on the afternoon of September 6, 1980, the plaintiff entered the defendant's store for the purpose of purchasing groceries. After shopping on one side of the store, the plaintiff came around to the fruit market to buy some lemons. She testified that she grabbed a lemon and as she turned around, her feet slipped out from under her and she fell. As she was assisted up, she noticed that there were a lot of grapes around and the floor was wet. She testified that she had not seen the grapes before she fell. Plaintiff further testified that no one else from the store saw her fall except for one witness who got the manager after the fall. Only the plaintiff testified at the hearing.

Even though the defendant requested the trial court to file findings of fact and conclusions of law, it is settled that such action is discretionary with the trial court in venue trials. *Kimbell v. Hernandez*, 572 S.W.2d 784 (Tex.Civ.App.—El Paso 1978, no writ). Where there are no findings of fact or conclusions of law, the trial court's judgment should be affirmed if it can be upheld on any legal theory that finds support in the pleadings and in the evidence. *Bishop v. Bishop*, 359 S.W.2d 869 (Tex.1962); *Mobile Cty. Mut. Ins. Co. v.*

*Jacobs*, 531 S.W.2d 436, 438 (Tex.Civ.App.—Corpus Christi 1975, no writ). We necessarily presume that the trial court resolved every issue of fact that had support in the evidence in appellee's favor. Such evidence, if any, is viewed in the light most favorable to such judgment, disregarding all evidence that is contrary thereto. *James v. Drye*, 159 Tex. 321, 320 S.W.2d 319 (1959); *Loyd W. Richardson Construction Corp. v. Corpus Christi State National Bank*, 513 S.W.2d 287 (Tex.Civ.App.—Corpus Christi 1974, no writ).

On appeal, defendant contends that the trial court erred in overruling its plea of privilege because there was no evidence, or in the alternative, insufficient evidence, to prove the necessary venue facts to sustain venue under the negligence exception to the venue statute.

In deciding a no-evidence point, we must consider only the evidence and inferences tending to support the trial court's findings and disregard all contrary evidence and inferences. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.Rev. 359 (1961).

The general rule in Texas is that a defendant is entitled to be sued in his own county unless it clearly appears that one of the exceptions set forth in art. 1995, supra, applies. *Goodrich v. Superior Oil Co.*, 150 Tex. 159, 237 S.W.2d 969, 972 (1951).

Section 9a of art. 1995, supra, provides that "[a] suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile." In the classic slip-and-fall suit, such as the one that is before us, the plaintiff must establish that: 1) the defendant placed the substance on the floor; or 2) that the defendant knew that the substance was on the floor and negligently or willfully failed to remove it; or 3) the substance had been on the floor for such a period of time that it would have been discovered and

removed by defendant in the exercise of ordinary care. *H. E. Butt Grocery Co. v. Hawkins,* 594 S.W.2d 187 (Tex.Civ.App.—Corpus Christi 1980, no writ) and authorities cited therein.

 Plaintiff makes no contention that the agents, servants, or employees of the defendant put the substance on the floor. Thus, if the plaintiff is to be successful on her plea of privilege, she must show by a preponderance of the evidence that either the defendant knew the substance was on the floor and willfully or negligently failed to remove it, or the substance had been on the floor for such a period of time that, in the exercise of ordinary care, it should have been discovered and removed.

There was no evidence as to the length of time the grapes had been on the floor prior to the plaintiff's fall. Even though the plaintiff testified that the grapes appeared to have been stepped on because juice had come out from many of them, this alone is not sufficient to establish the length of time the grapes had been on the floor. Indeed, on cross-examination, the plaintiff testified that she did not know how long the grapes had been there. The plaintiff further stated that the grapes were blended—meaning they were different colors, like red and green. Again, this is no evidence of the length of time the grapes had been on the floor. As we review the record of plaintiff's testimony, even when considered in the most favorable light to the plaintiff, it does not establish that the substance on the floor had been there for such a period of time that, in the exercise of ordinary care, it should have been discovered and removed by the defendant. See *Kimbell, Inc. v. Roberson,* 570 S.W.2d 587 (Tex.Civ.App.—Tyler 1978, no writ).

Plaintiff makes no specific argument that the defendant knew that the grapes were on the floor. The mere fact that some foreign substance is on the floor of a store, which caused the floor to become slippery, is not sufficient evidence, standing alone, to raise an inference that the storekeeper knew that the substance was there and willfully or negligently failed to remove it.

*Newton v. General Manager of Scurlock's Supermarket,* 546 S.W.2d 76 (Tex.Civ.App.—Corpus Christi 1976, no writ); *H. E. Butt Grocery Company v. Tester,* 498 S.W.2d 683 (Tex.Civ.App.—Corpus Christi 1973, no writ).

We have carefully reviewed the entire record and hold that there is no evidence to support the trial court's implied finding that the defendant either knew the grapes were on the floor and negligently and willfully failed to remove them, or that the grapes had been on the floor for such a period of time that, in the exercise of ordinary care, they should have been discovered and removed. It follows that venue cannot be maintained in Wharton County.

Accordingly, the judgment of the trial court is REVERSED and the cause is ordered transferred to the district court of Nueces County.

REVERSED and RENDERED.