**H. E. BUTT GROCERY COMPANY, Appellant,**

v.

**Mary Jane REYNA, Appellee.**

**No. 2513cv.**

Court of Appeals of Texas, Corpus Christi.

April 22, 1982.

David V. Jones, Fulbright & Jaworski, Houston, for appellant.

Richard L. Manske, Manske & Manske, El Campo, for appellee.

Before NYE, C. J. and BISSETT and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from an order overruling a plea of privilege. Plaintiff Mary Jane Reyna, a resident of Wharton County, Texas, brought suit to recover damages for personal injuries sustained by her when she slipped and fell on a liquid substance on the floor of H. E. Butt Grocery Store in Wharton County, Texas. Defendant H. E. Butt Grocery Co., filed a plea of privilege to be sued in Nueces County, the county of its domicile. In reply, plaintiff filed a controverting affidavit alleging that the suit was lawfully maintainable in Wharton County, Texas, under Sec. 9a, the "negligence" exception of the Texas Venue Statute, Tex. Rev.Civ.Stat.Ann., art. 1995. After a hearing before the court sitting without a jury, the trial court overruled the plea of privilege, and H. E. Butt Grocery Co., duly perfected this appeal.

The evidence shows that on or about January 19, 1981, the plaintiff entered the defendant's store for the purpose of purchasing groceries. The plaintiff testified that she was pushing a cart and as she was passing the counter where the chickens were displayed for sale, she slipped and fell. She stated that it was water that she slipped on and that after she slipped, she informed an employee of the store about

the condition. On cross examination, the plaintiff testified that it appeared to her that the water contained chicken blood in it and that it seemed to be coming from under the counter which contained chickens. She further testified that she did not see the liquid (water) on the floor prior to her slipping and that she did not know how long the substance had been there. Only the plaintiff testified at the hearing.

Even though the defendant requested the trial court to file findings of fact and conclusions of law, it is well settled that such action is discretionary with the trial court in venue trials. *Kimbell v. Hernandez*, 572 S.W.2d 784 (Tex.Civ.App.—El Paso 1978, no writ). The trial court did not file findings of fact and conclusions of law. In that state of the record, the trial court's judgment should be affirmed if it can be upheld on any legal theory that finds support in the pleadings and in the evidence. *Bishop v. Bishop*, 359 S.W.2d 869 (Tex. 1962); *Mobile Cty. Mut. Ins. Co. v. Jacobs*, 531 S.W.2d 436, 438 (Tex.Civ.App.—Corpus Christi 1975, no writ). We presume that the trial court resolved every issue of fact that had support in the evidence in appellee's favor. Such evidence, if any, will be viewed in the light most favorable to such judgment, and all evidence that is contrary thereto will be disregarded. *James v. Drye*, 159 Tex. 321, 320 S.W.2d 319 (1959); *Loyd W. Richardson Construction Corp. v. Corpus Christi State National Bank*, 513 S.W.2d 287 (Tex.Civ.App.—Corpus Christi 1974, no writ).

On appeal, the defendant contends that the trial court erred in overruling its plea of privilege because there was no evidence to prove the required venue facts, or, in the alternative, the evidence was factually insufficient to prove the necessary venue facts to sustain venue under the negligence exception to the venue statute. We agree.

In deciding a "no evidence" point, we must consider only the evidence and inferences tending to support the trial court's findings and disregard all contrary evidence and inferences. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); Calvert, "No Evidence" and "Insufficient Evidence"

points of error, 38 Texas L.Rev. 359 (1961). In disposing of a "factually insufficient evidence" point, we are required to consider all of the evidence. *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Section 9a of art. 1995, supra, provides that "[a] suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile."

It is the general rule in Texas that a defendant is entitled to be sued in his own county unless it clearly appears that one of the exceptions set forth in art. 1995, supra, will apply. *Goodrich v. Superior*, 150 Tex. 159, 237 S.W.2d 969, 972 (1951). To sustain venue in a given case, it is the plaintiff's burden to allege and prove the venue facts appropriate to the character of the suit alleged. *Cowden v. Cowden*, 143 Tex. 446, 186 S.W.2d 69, 71 (1945); *Burrows v. Texas Kenworth Co.*, 554 S.W.2d 300 (Tex.Civ. App.—Tyler 1977, writ dism'd).

To sustain venue under Exception 9a of the statute, the plaintiff must establish the essential elements of a cause of action in negligence by a preponderance of the evidence. 1 McDonald, Texas Civil Practice, Sec. 4.17.2, pp. 388–389 (1981). See also *Compton v. Elliott*, 126 Tex. 232, 88 S.W.2d 91 (1935). In the classic slip-and-fall suit, such as the one that is before us, the plaintiff must establish that: 1) the defendant placed the substance on the floor; or 2) the defendant knew that the substance was on the floor and negligently or willfully failed to remove it; or 3) the substance had been on the floor for such a period of time that it would have been discovered and removed by defendant in the exercise of ordinary care. *H. E. Butt Grocery Co. v. Hawkins*, 594 S.W.2d 187 (Tex. Civ.App.—Corpus Christi 1980, no writ) and authorities cited therein.

Plaintiff makes no contention that the agents, servants, or employees of the defendant put the substance on the floor.

Thus, if the plaintiff is to be successful on her plea of privilege, she must show by a preponderance of the evidence that either the defendant knew the substance was on the floor and willfully or negligently failed to remove it or the substance had been on the floor for such a period of time that, in the exercise of ordinary care, it should have been discovered and removed.

There was no evidence as to the length of time the water had been on the floor prior to the plaintiff's fall. Even though the plaintiff testified that the water appeared to have chicken blood in it, this alone would not serve to establish the length of time that the water was on the floor. Indeed, it would be consistent with the fact that the plaintiff was standing in front of the counter where the chickens were located. As we review the record, plaintiff's testimony, even when considered in the most favorable light, fails to establish that the liquid on the floor had been there for such a period of time that, in the exercise of ordinary care, it should have been discovered and removed. See *Kimbell, Inc. v. Roberson*, 570 S.W.2d 587 (Tex.Civ.App.—Tyler 1978, no writ).

There is also no evidence that the defendant knew that the water was on the floor. The mere fact that a foreign substance is on the floor of a store, which caused the floor to become slippery, is not sufficient evidence, standing alone, to raise an inference that the storekeeper knew that the substance was there and willfully or negligently failed to remove it. *Newton v. General Manager of Scurlock's Supermarket*, 546 S.W.2d 76 (Tex.Civ.App.—Corpus Christi 1976, no writ); *H. E. Butt Grocery Company v. Tester*, 498 S.W.2d 683 (Tex. Civ.App.—Corpus Christi 1973, no writ).

We have carefully reviewed the testimony of the plaintiff and hold that there is no evidence to support the trial court's implied finding that the defendant either knew the water was on the floor and negligently and willfully failed to remove it or that the water had been on the floor for such a period of time that, in the exercise of ordinary care, it should have been discovered

and removed. It follows that venue cannot be maintained in Wharton County.

Accordingly, the judgment of the trial court is REVERSED, and the cause is ordered transferred to the district court of Nueces County.

REVERSED AND RENDERED.