## LUPER TRANSP. CO. v. BARNES et al.

### No. 12401.

United States Court of Appeals
Fifth Circuit.

Dec. 10, 1948.

Hobert Price, W. M. Taylor, Jr., and Royal H. Brin, Jr., all of Dallas, Tex., for appellant.

Ralph Elliott and J. S. Freels, both of Sherman, Tex., for appellees.

Before HOLMES, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

The deceased, Barnes, was riding with Elliott on a joint venture from Dallas to Sherman, Texas. Prior to their departure they consumed a quantity of beer and purchased some whiskey, some of which, the evidence shows, had been drunk by deceased. En route they collided with a disabled truck, owned by appellant, that had been parked on the highway approximately three hours pending repairs. Elliott, the driver of the car, seeing the truck so parked and seeking to avoid it, turned the steering wheel to the left. The deceased apparently saw an automobile approaching in the opposite direction, whereupon he seized the steering wheel and turned it to the right. A collision with the truck and his death resulted.

The following issues, among others, are involved in the case: (1) whether or not Barnes was guilty of contributory negligence in continuing to ride in an automobile driven by a driver known by Barnes to have been drinking; (2) whether or not

Barnes was guilty of contributory negligence in impairing his faculties by his own consumption of alcohol; (3) whether he created a sudden emergency and increased the danger by seizing the steering wheel and turning the car to the right; (4) whether or not he failed to act in such sudden emergency as a reasonably prudent person would have acted and was thereby guilty of contributory negligence; (5) whether or not he was guilty of negligence that was the proximate cause of his injury in seizing the steering wheel and turning the car into the parked truck; (6) whether or not the negligence of Elliott, the driver, if any, was a contributing cause of the accident that could be imputed to Barnes, or whether or not his negligence, if any, was the proximate cause of the death of Barnes.

These jury issues are brought into focus because of an instruction on contributory negligence in a sudden emergency given by the lower Court and not for the purpose of discussion otherwise.

The charge in question was:

"I charge you, Gentlemen, that if you find from a preponderance of the evidence that deceased, Barnes, was acting under an emergency at the time of the collision, then he would not be guilty of contributory negligence.

"In connection with the above issue, you are instructed that the word 'emergency' as used above, means a condition arising suddenly and unexpectedly and not proximately caused by the negligent act or acts of deceased, and which called for immediate action on his part."

■ The sudden emergency doctrine is not an exception to the general rule requiring one to act under the circumstances as a reasonably prudent person would have acted. The mere existence of such emergency does not preclude negligence, or relieve one from the duty to use due care in the circumstances, but creates an issue as to whether a person who found himself in a position of sudden peril, not of his own creation, acted as an ordinary, prudent person would have acted in such an emergency. The law of Texas is well settled on this point. "The test of negligence is the exercise of ordinary care. The emergency is merely one of the attending circumstances of the injury. The act of the defendant must be tested by all the attending circumstances from which the *jury* may or may not deduce negligence. Except in the most exceptional circumstances, the issue of negligence *is an issue of fact* and not of law." Hooks v. Orton, Tex.Civ.App., 30 S.W.2d 681, 684. (Emphasis added.)

"In other words, the fact that an emergency arises will not relieve one of the obligation to exercise such care as the exigencies of the particular occasion warrant, but it is one of the circumstances to be considered in determining the ultimate question of whether due care was actually exercised." Mayne v. May Stern Furniture Co., Mo.App., 21 S.W.2d 211, 213.

■ The holdings of the State of Texas are in conformity with the general law on the subject as revealed by the Restatement of the Law of Torts, Sec. 470, wherein it is said: "The fact that the plaintiff is acting in an emergency not created by his own antecedent negligence is a factor to be taken into account in determining whether his conduct is free from contributory negligence."

■ It is the law of Texas that contributory negligence is a complete bar to recovery[1] and contributory negligence in an emergency is no exception to the rule. Therefore, we think that the charge was erroneous and prejudicial.

■ We also think that there was sufficient evidence in the case to warrant the charge requested by the defendant on the issue of unavoidable accident. The law of Texas is quite clear as to this.

"If there was evidence sufficient to raise the issue of unavoidable accident, petitioner, * * * was entitled to have the issue submitted to the jury as a substantial defense under the general issue." Airline Motor Coaches v. Fields, 140 Tex. 221, 166 S.W.2d 917, 920.

See also Wheeler v. Glazer, 137 Tex. 341, 153 S.W.2d 449.

---

[1] 30 Tex.Jur. 657.

For the reasons stated the judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein set out.

Reversed and remanded.