## KIDD v. THOMAS GILCREASE FOUNDATION.

No. 13435.

United States Court of Appeals
Fifth Circuit.

Feb. 15, 1952.

Rehearing Denied March 13, 1952.

Reynolds N. Cate, San Antonio, Tex., for appellant.

Grady Barrett, Clinton G. Brown, Jr., San Antonio, Tex., for appellee.

Before HOLMES, RUSSELL, and RIVES, Circuit Judges.

RIVES, Circuit Judge.

Lillie Mae Kidd joined by her husband, brought this action against the Thomas Gilcrease Foundation for damages for personal injuries received by her when she slipped and fell on a stairway.

At the conclusion of the evidence offered by the plaintiff the Trial Court upon motion of the Defendant instructed a verdict for the Defendant.

The building was owned by the Gilcrease Foundation and leased to the Veterans' Administration, the lease providing that the Gilcrease Foundation would maintain the premises in good repair.

The testimony as to the occurrence of the accident is very meager and is contained in the following part of Mrs. Kidd's direct examination:

"Q. Now, Mrs. Kidd, on or about the 16th day of February, 1948, in the afternoon, where were you? A. I was sent to the Gilcrease Building to get some information on a school I was looking for.

"Q. And what happened at the Gilcrease Building? A. Well, I had my little grandson with me, and he went upstairs before I got there, and one of the girls told me that he had gone up on the second floor, and I decided that I would go up for him, and I got up to the third step and slipped and fell.

"Q. Was that on the stairway? A. Yes, sir.

"Q. Have you noticed that stairway since this accident? You have seen the stairway? A. Yes, sir, I have.

"Q. Now, was there a hand-rail on the right side? A. There was no hand-rail on the right side going up.

"Q. Please state to the Jury the condition of the lights on the stairway, or the lighting in that portion of the building. A. Well, it seemed to be dark to me, dark, and the stairway was narrow, the treads of it."

The defendant's counsel did not cross-examine Mrs. Kidd and, as we have stated, the defendant offered no witnesses.

At the time of the accident Mrs. Kidd was 53 years of age and in good health.

From her fall she suffered a broken hip with complications leaving her permanently injured.

The defendant admitted the absence of the hand-rail. There was testimony from the official in charge of the city building inspection department that the treads of the steps should be of uniform width. This witness further testified:

"Q. Now, did you measure the treads there? A. On the first four steps, I did.

"Q. And what did you find the condition of those treads to be? A. On the first step, it was eleven and one-eighth inches wide; the second and the third steps, the treads were ten and three-fourths inches wide; the fourth step was just slightly over ten and three-quarters inches in width; that was including the nosing."

In an action by a hotel guest for injuries sustained as a result of a fall while descending the hotel stairway, the Texas Supreme Court said: "The testimony was such that reasonable minds could reach opposite conclusions as to whether defendant was primarily negligent. The special issues submitted on this phase of the case were therefore necessarily jury questions". Blanks v. Southland Hotel, Tex., 229 S.W. 2d 357, 359.

■ Applying that test to the testimony in this case, we think that on the issue of negligence *vel non* a *prima facie* case was proved sufficient to require submission to the jury in the absence of any rebuttal testimony.

The question of whether the evidence as to the cause of Mrs. Kidd's slipping and falling was sufficient to justify submission to the jury presents more difficulty. Except possibly by inference, Mrs. Kidd did not testify that she missed her footing on account of any darkness, or by misjudging the width of the treads, or that she reached for a hand-rail or that such a support would have helped her. It may be that her slipping and falling was so sudden and unexpected that she could not honestly testify to any facts or circumstances tending to prove the cause thereof, or it may be that under questioning by her own counsel

and cross-examination by opposing counsel, those facts and circumstances can be more fully developed.

■ We have no doubt that the rule was correctly stated by the Texas Supreme Court in the case of Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374, 375; "The mere fact that Mrs. Adair slipped and fell does not establish the bank's liability; there must be evidence showing that in some way the bank was at fault and that its fault was a cause of the injury."

In that case the sufficiency of the evidence as to negligence presented a closer question than its sufficiency as to causation.

In Bohn Bros. v. Turner, Tex.Civ.App., 182 S.W.2d 419, the evidence showed that a store customer after being directed to a rest room was later found fatally injured at the foot of basement stairs, the door to which was unlocked and unguarded. The Texas Court of Civil Appeals said: "Thus the facts and circumstances proved showed a cause from which an accident might occur, and that an accident of that particular character did occur, and in consequence the jury was warranted in inferring that such cause brought about such result." 182 S.W.2d 423.

In 38 Am.Jur., Negligence, Section 334, it is said: "In accord with the rule governing proof of negligence generally, proximate cause need not be established by the testimony of eyewitnesses, nor by direct or positive evidence, but may be proved by circumstantial evidence; it may be determined from the circumstances of the case."

In Johnson v. Griffiths S. S. Co., 9 Cir., 150 F.2d 224, 226, a seaman was found in a dying condition at the bottom of an open hatch which he was required to pass in attending to his duties. The vessel was blacked out and pitching heavily and ice and sleet were on deck. The Court held that under the existing conditions the shipowner was negligent in failing to keep the passageway free of obstructions and in maintaining the open hatch without a life line around it. The Court further held that, "the inference is compelling that the

man fell into the hold as the proximate result of" the aforesaid negligence. The rule was thus stated by the Court: "In determining proximate cause, it is not essential that the causal connection be shown by direct evidence; the causal connection can be shown by facts and circumstances which, in the light of ordinary experience, reasonably suggests that the defendant's negligence in the manner charged operated proximately to produce the injury."

We conclude that it was within the province of the jury to decide whether the defendant was negligent and whether such negligence proximately caused the plaintiff's injury, and that the Court erred in directing a verdict for the defendant.

Reversed.