**J. C. PENNEY COMPANY, Appellant,**

v.

**H. B. PERRYMAN and wife, Emily Perryman, Appellees.**

**No. 17181.**

United States Court of Appeals Fifth Circuit.

Dec. 23, 1958.

Rehearing Denied Jan. 27, 1959.

Jerry L. Buchmeyer, David M. Kendall, Jr., Dallas, Tex., Alexander Gullet, Denison, Tex., Pinkney Grissom, Timothy E. Kelley, Dallas, Tex., Thompson, Knight, Wright & Simmons, Dallas, Tex., of counsel, for appellant.

Morton Rudberg, Ben T. Warder, Jr., Edward M. Tighe, Joe Hill Jones, Dallas, Tex., and Carter, Gallagher, Jones & Magee, Dallas, Tex., of counsel, for appellees.

Before TUTTLE, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

The appellee, Emily Perryman, entered the store of the appellant in Denison, Texas, walked along an aisle between counters displaying merchandise and up

a flight of stairs to a second floor. There she made purchases. Mrs. Perryman then came down the stairway and fell while walking along the aisle toward the door through which she had entered. Injuries were sustained as a result of the fall. Suit was brought by Mrs. Perryman against the appellant and its negligence was alleged as the cause of the fall and the resulting injury. Diversity of citizenship being present the cause was [brought in a Federal district] court and there it was tried before a jury. The appellant moved for a directed verdict at the close of the appellees' case and again at the close of all the evidence. The jury returned a verdict for $5,000. The appellant moved for a judgment notwithstanding the verdict. All of the motions were overruled. Judgment was entered on the verdict and from the judgment this appeal has been taken. The appellant contends that there was no negligence on its part and, that if it was negligent, the negligence was not the proximate cause of the appellee's injuries.

The only witness for Mrs. Perryman, other than herself, was her friend, Mrs. Claude Scally. She was not in the appellant's store when the fall happened but heard of it and reached the scene in a short time. Mrs. Perryman was still lying on the floor when Mrs. Scally arrived. Mrs. Scally was asked if she had occasion to examine the flooring in Mrs. Perryman's vicinity at the time of her arrival and said that she noticed it in looking down at her and that there were defects in the floor. In Mrs. Scally's testimony[1] she related that there were approximately five cracks about the width of a pencil and from three inches to two feet in length at the side joints of the boards of the floor; and that there were places where the floor would "kinda give" when stepped on. Mrs. Perryman testified that,

"It seemed that I had a quick grab or a quick jerk and it seemed to just pull my feet out from under me."

She said it could have been her left foot or it could have been her right foot. She was wearing what she described as medium heel shoes. The shoes were offered and received in evidence. They were, as the trial judge commented, obviously not French spikes. There was some doubt, under the testimony of Mrs. Perryman and her witnesses, as to whether the fall occurred at the place where the floor was said to be defective.

■■ The general principles which are applicable, under the law of Texas,

---

1. "Q. Can you describe to the jury what the general nature of these defects were that you saw? A. Just splinters where the boards came together, cracked from some three inches and some two foot, wide enough for a pencil, on both sides.

"Q. That is on the side of the boarding where the boards joined each other? A. Yes.

"Q. You did find some splintering? A. It is completely gone.

"Q. It is completely gone? A. Uh-huh.

"Q. And varying from three inches to—? A. Oh, I believe two feet or longer.

"Q. To two feet or longer? A. Yes.

"Q. And you mentioned something about a pencil? A. Well, the crack was wide enough that a pencil could be laid in it.

"Q. Completely within the splintered area? A. Oh, yes.

\* \* \* \* \*

"Q. Mrs. Scally, in addition to the floor being splintered, where the timbers adjoin one another on the sides, was the flooring also even where the timbers met each other on the floor or not? Or did there seem to be varying in the floor level where the timber meets? A. There seemed to be only variations on the floor level.

"Q. I see, and have you in this photograph, Plaintiff's Exhibit No. 1, is it shown there were some of those places where the floor level was uneven where the ends of the timber met one another? A. Here the floor seemed to be uneven when you step on it and it would kinda give.

\* \* \* \* \*

"Q. You have stated, Mrs. Scally, that at least one of these cracks, you could put a pencil in it? A. Yes.

"Q. Were there more than one that you could do that to? A. Yes.

"Q. How many? A. Oh, approximately five."

828

are well settled. The test of negligence is the exercise of ordinary care. Luper Transp. Co. v. Baines, 5 Cir., 1948, 170 F.2d 880; 30B Tex.Jur. 171, Negligence § 2. Absence of ordinary care is not shown, as a general rule, where the injury could not have been foreseen by a reasonable person in the particular circumstances. International Derrick & Equipment Co. v. Croix, 5 Cir., 1957, 241 F.2d 216, certiorari denied 354 U.S. 910, 77 S.Ct. 1296, 1 L.Ed.2d 1428. A merchant owes to the customer a duty to maintain the floor of his place of business in a reasonably safe condition. 30B Tex.Jur. 268, Negligence § 69. The types of cases in the "slip and fall" category most frequently occurring are those where the floor is slick and slippery because of the presence of oil or water or the application of wax or other substance, and those where a foreign substance has fallen on the floor. It is not here contended that this is such a case.

■■ Evidence that Mrs. Perryman slipped and fell in the appellant's store and sustained an injury is not enough to justify a recovery. It must also be shown that the appellant was at fault and that its fault was the cause of the injury. Kidd v. Thomas Gilcrease Foundation, 5 Cir., 1952, 194 F.2d 129. Mrs. Perryman's statement was that she had "a quick grab or a quick jerk" which seemed to pull her feet out from under her. The appellant contends that the evidence shows there were none of the "pencil-size" cracks at the place where the fall occurred. Whether or not this be so, we do not think that it could be foreseen that a crack no larger than those shown by the evidence could by a grab, jerk, or otherwise, cause the fall of a person walking along the floor. This would be particularly manifest with respect to one wearing the kind of shoes that were being worn by Mrs. Perryman at the time of her injury. There was no showing made nor can it be inferred, in our opinion, from any of the testimony that the unevenness or the "kinda give" of the floor had any causal connection with Mrs. Perryman's fall. The proof falls

short of establishing a prima facie case, and a verdict should have been directed for the appellant. Bagwell v. McLellan Stores Co., 216 S.C. 207, 57 S.E.2d 257. Henderson v. Pipkin Grocery Co., Tex. Civ.App., 268 S.W.2d 703; Moss v. Safeway Stores, 5 Cir., 1950, 185 F.2d 966.

In the argument on the motion for a directed verdict at the close of the appellees' case their counsel commented, "It is not the strongest case the court has ever heard, I know, but it is a jury issue". The district judge observed, "Well, if it is a jury issue it is about as weak a one as the court has ever heard, but I am going to overrule the motion." We conclude that the case was too weak to go to the jury and that it was error to deny the motion for a directed verdict. Therefore, the judgment of the district court will be reversed and will be here rendered for the appellant.

Reversed and rendered.