**M SYSTEM FOOD STORES, INC.,**
Appellant,

v.

**Felix E. DAVIS, Individually, and in behalf of his wife, Mary E. Davis, Appellees.**

**No. 6349.**

Court of Civil Appeals of Texas, El Paso.

April 3, 1974.

Rehearing Denied May 1, 1974.

Turpin, Smith, Dyer, Harman & Dawson, James T. Smith, Bobby L. Sanders, Midland, for appellant.

Warren Burnett Associated, Richard J. Clarkson, Odessa, for appellees.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

■ This is a slip and fall case in which the trial Court overruled defendant's plea of privilege and the defendant appealed. We are of the opinion that the judgment should be affirmed.

Appellees, as plaintiffs, brought this suit against the defendant, Appellant, alleging that Mrs. Davis suffered personal injuries while on the premises of the defendant at their store located at the corner of Grandview and 42nd Street, Odessa, Ector County, Texas, that such injuries were occasioned by her slipping and falling on some oil. As the matter is presented to us, we are of the opinion that two questions are present that are controlling of the disposition of it: First, whether the plaintiffs met their burden of proving an act of negligence on the part of the defendant; and, secondly, whether they proved that that negligence occurred in the County of suit. The burden was on the plaintiffs-Appellees to both plead and prove negligence on the part of the defendant, M System Food Stores, Inc., and such burden required proof by a preponderance of the evidence. There are no findings of fact filed in this case but in the absence of such findings it is presumed that the trial Court found such facts as are necessary to support its judgment.

■ As to the negligence which must be established in this case, we turn to the general law that the occupier of premises

owes the duty to use ordinary care to keep his premises in a reasonably safe condition for his invitees or to warn of hazards. J. Weingarten, Inc. v. Razey, 426 S.W.2d 538 (Tex.Sup.1968). This includes the duty to inspect and discover dangerous conditions. His duty is to protect his invitees from danger of which he, the occupier, knows or because of his duty to inspect should know in the exercise of ordinary care. Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.Sup.1963); H. E. Butt Grocery Company v. Quick, 442 S.W.2d 798 (Tex. Civ.App., San Antonio 1969, writ ref'd n. r. e.). Thus in a slip and fall case such as this, the plaintiff must establish one of three things in order to recover: (1) that the defendant put the foreign substance on the floor; or (2) that the defendant knew that foreign substance was on the floor and willfully or negligently failed to remove it; or (3) that the foreign substance had been on the floor for such a period of time that it would have been discovered and removed by defendant in the exercise of ordinary care. In this case there is no contention that the defendant or its employees put the oil or substance on the floor so the implication is that the trial Court either found that the defendant knew that the foreign substance was on the floor or that the foreign substance had been on the floor for such a period of time that it would have been discovered and removed by defendant in the exercise of ordinary care. Plaintiff, Mrs. Davis, testified that while shopping for a cooking oil she slipped and fell on what appeared to her to be cooking oil, that it was "dark" and that it was "dirty" and that it appeared as though "someone had tried to clean it up and it was dirty." On cross-examination she said that the oil appeared to be "fresh," which would mean to her that it was of recent origin, but she repeated her testimony that it was dirty and that it appeared that an attempt had been made to clean it up. Very similar testimony was presented in H. E. B. Food Stores v. Slaughter, 484 S.W.2d 794 (Tex.Civ.App., Corpus Christi 1972, writ dism'd), and in upholding presumed findings the Court said:

"The plaintiff was the only witness to testify in the case. She testified that the puddles of water were dirt streaked as if someone had swept through the water. We believe that a proper inference can be based upon this evidence that the defendant knew the water was on the floor or that it had been there long enough so that the defendant should have known about it. H. E. Butt Grocery Company v. Johnson, 226 S.W.2d 501 (Tex.Civ. App.—San Antonio 1949, n. r. e.). The very nature of water is, that ordinarily men know that dirt streaks are not naturally inherent in water. In order for dirt streaks to be present, it must be adduced, that either the water was tampered with by sweeping through it, or the water was allowed to remain on the floor a sufficient length of time so that outside particles of dust and dirt could accumulate in the water, thereby causing streaking conditions. See Furr's, Inc. v. Bolton, 333 S.W.2d 688 (Tex.Civ.App.— El Paso 1960)."

What was said about the water in that case can be said about the cooking oil here, that its natural state is not "dark" or "dirty." The attempts to clean it up would lead to the inference that an employee or owner of the store would be the one interested in cleaning it up and such evidence and inference would support a finding by the trial Court that it was known to an employee or the owner of the store that the oil was on the floor or that it had been there long enough that they should have known about it. This implied finding by the trial Court constitutes finding of negligence within the meaning of Subdivision 9a of Article 1995, Vernon's Tex.Rev.Civ. Stat.Ann. In considering the matter, we have followed the rules set forth in James v. Drye, 159 Tex. 321, 320 S.W.2d 319 (1959), by indulging every reasonable intendment in favor of the trial Court's judgment overruling the plea of privilege and giving the testimony every reasonable

presumption which could be indulged in favor of the implied finding of the trial Court.

There was no direct evidence that the cause of action arose in Ector County, the County of suit, or that the act of negligence occurred in Ector County, but there is an implied finding on the part of the trial Court that it was in Ector County. Proof that the negligence occurred or that the cause of action arose in Ector County, where the suit was filed, is a necessary part of the Appellees-plaintiffs' proof under either Subdivision 9a or 23 of Article 1995, supra.

██ Mrs. Davis testified that her residence was at 1503 East 23rd, that that was in Odessa; that she was the plaintiff in the lawsuit now before the Court of Felix E. Davis and wife versus M System Food Stores, Inc.; she was involved in an accident which is made the basis of the lawsuit; and when asked where that accident occurred she replied: "It was down the cooking oil aisle of the M System on Grandview and Forty-Second." It is urged that the implied finding by the trial Court can be upheld on the basis that the trial Court took judicial notice of the location of Grandview and 42nd as being in Odessa, and that Odessa is in Ector County; or it is urged that based on all the inferences the trial Court in support of its judgment found Odessa. This Court, as does the trial Court, judicially knows that Odessa is located in and is the County Seat of Ector County, Barber v. Intercoast Jobbers & Brokers, 417 S.W.2d 154 (Tex.Sup.1967), but we are reluctant to hold that it can be judicially known that 42nd and Grandview, with nothing more, is located in Odessa. In the cited case, Barber, in discharging his burden to prove that the accident occurred in Ector County, introduced evidence that it happened "at the intersection on 81st Street and Highway 385, four miles north of downtown Odessa." Based on the rule that the trial Court may judicially notice geographic facts which are certain, in-

disputable and capable of verifiable certainty, the Supreme Court said:

"The trial court then judicially knew that the point of the collision was in Ector County. In our opinion that fact is one which is 'certain and indisputable,' Harper v. Killion, 162 Tex. 481, 348 S.W.2d 521 (1961) and may be judicially noticed with 'verifiable certainty.' 1 McCormick & Ray, Texas Law of Evidence, § 211."

In the Barber case, the Supreme Court pointed out that facts about well known and easily ascertainable geographical facts concerning counties are frequently judicially noticed and listed numerous cases. It was then noted that Barber proved the location of the accident with reference to Odessa. In the case before us, there is no such reference. We simply have "Grandview and 42nd," and without the mention of Odessa, we are of the opinion that Grandview and 42nd is simply not an ascertainable geographical fact linked with Ector County. We are of the opinion, however, that the presumed finding that the accident occurred in Ector County can be upheld by the Court judicially noticing that Odessa is in Ector County, and then by the inferences conclude that the point of the accident was in Odessa; for, the conclusion has to be under all the facts and inferences that when the parties were talking about Grandview and 42nd, they were talking about a place located in Odessa. The parties were engaged in trying a lawsuit in which the pleadings recited that the accident occurred at Grandview and 42nd Street in Odessa, Ector County, Texas. The pleadings were not evidence but they were referred to and brought to the attention of the Court by the testimony of Mrs. Davis when she said that she was the plaintiff in the lawsuit now before the Court and that she was involved in an accident which was made the basis for this lawsuit. She then described that such lawsuit involved her slipping and falling on cooking oil and that this accident occurred in the cooking oil aisle of the M System on

Grandview and 42nd. We think the Court could well infer from all of this that the Grandview and 42nd was in Odessa. On that basis, we sustain the implied finding of the trial Court.

All points of error have been considered and all are overruled.

The judgment of the trial Court is affirmed.

OSBORN, J., not sitting.