KIMBELL, INC., Appellant,

v.

Leon C. MORENO, Appellee.

No. 8830.

Court of Civil Appeals of Texas,
Amarillo.

Feb. 21, 1978.

Crenshaw, Dupree & Milam (Cecil Kuhne), Lubbock, for appellant.

John J. C. O'Shea, Lubbock, for appellee.

DODSON, Justice.

This is a venue case. Leon C. Moreno, plaintiff-appellee, filed suit against Kimbell, Inc., defendant-appellant, in the 140th District Court of Lubbock County, Texas, seeking personal injury damages. Moreno alleged he slipped and fell on a piece of lettuce and an uneven floor in Kimbell's grocery store. Kimbell filed a plea of privilege to be sued in Tarrant County, Texas. Moreno responded with a controverting plea under subdivision 9a of Tex.Rev.Civ. Stat.Ann. art. 1995 (1964). After a hearing without a jury, the trial court denied Kimbell's plea. Kimbell appeals to this court. We reverse and render.

The right to be sued in the county of one's residence is a valuable right. The filing of a plea of privilege establishes the right to change venue unless the opposing party proves the case comes within one of the exceptions to the venue statute. Rule 86, Tex.R.Civ.P.; *Keystone-Fleming Transport, Inc. v. City of Tahoka*, 277 S.W.2d 202 (Tex.Civ.App.—Amarillo 1954, writ dism'd).

Under subdivision 9a of art. 1995, an action based on any form of negligence may be maintained in the county where the act or omission of negligence occurred, if the plaintiff established by a preponderance of the evidence that an act or omission of negligence occurred in the county where suit was filed; that such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment; and that such negligence was a proximate cause of plaintiff's injuries.

Moreno alleged that both a piece of lettuce and the uneven floor caused his fall. He claimed he established the necessary venue facts to maintain his action in Lubbock County, Texas, under each of the alleged incidents of negligence.

Initially, we consider the matter of the lettuce on Kimbell's floor. Both parties agree that Moreno must establish that Kimbell was negligent by proving one of the following independent issuable facts:

(1) that Kimbell put the piece of lettuce on the floor, or

(2) that Kimbell knew that the piece of lettuce was on the floor and willfully or negligently failed to remove it, or

(3) that the piece of lettuce had been on the floor for such a period of time that it would have been discovered or removed by Kimbell in the exercise of ordinary care. *See M System Food Stores, Inc. v. Davis*, 508 S.W.2d 475 (Tex.Civ.App.—El Paso 1974, no writ), and *Franklin v. Safeway Stores, Inc.*, 504 S.W.2d 514 (Tex.Civ.App.—Dallas 1973, writ ref'd n. r. e.).

The trial court found, among other things, the following:

[1] At the time Plaintiff [Moreno] fell . . . a piece of lettuce was on the floor of Defendant's [Kimbell] store.

[2] The piece of lettuce had been on Defendant's [Kimbell] floor for such a period of time that Defendant or its servants, agents or employees should have discovered it in the exercise of ordinary care.

[3] Defendant's [Kimbell] negligence was a proximate cause of Plaintiff's [Moreno] injuries.

Moreno, in his brief and in oral argument before this court, conceded that there was no evidence or insufficient evidence to support the trial court's finding "that the piece of lettuce trimming had been on the floor for such a period of time that it would have been discovered and removed by Appellant [Kimbell] in the exercise of ordinary care."

After reading the statement of facts and applicable cases, we agree with Moreno's concession.

 The trial court did not find that Kimbell put the lettuce on the floor or knew the lettuce was on the floor and willfully or negligently failed to remove it. Under Rule 385(e), Texas Rules of Civil Procedure, the trial court is not required to make and file findings of fact and conclusions of law on a plea of privilege hearing. However, if the trial court does, then it must make findings on all material issues in the case, and "no presumption will be made by the appellate court of a finding in favor of a material issue on which findings were omitted." *Bryant v. Kimmons*, 430 S.W.2d 73, 75 (Tex.Civ.App.—Austin 1968, no writ). Also, express findings made by a trial court cannot be " 'extended by implication to cover further independent issuable facts.' " *Duncan v. Willis*, 157 Tex. 316, 302 S.W.2d 627, 634 (1957). Kimbell says the evidence is neither legally nor factually sufficient to support an express finding for Moreno on these issues.

 Moreno attacks the trial court's failure to find these essential facts in his favor.[1] In cross-point one, he says, "The Trial Court erred in failing to find that Appellant [Kimbell] put the piece of lettuce trimming on the floor when there was sufficient evidence of probative weight to demonstrate such fact," and in cross-point two, "The Trial Court erred in failing to find that Appellant [Kimbell] knew the piece of lettuce trimming was on the floor but willfully or negligently failed to remove it." However, he fails to challenge the absence of a corresponding proximate cause finding in connection with these issues.

The evidence in this case indicated Moreno slipped and fell on a small piece of lettuce on the floor of Kimbell's store. None of the witnesses testified when or how the lettuce came to be on the floor. No one saw the lettuce on the floor before Moreno fell. Moreno's son Roger, an em-

---

1. The trial court's failure to find a fact vital to Moreno's action need not be supported by affirmative evidence. *Traylor v. Goulding*, 497 S.W.2d 944, 945 (Tex.1973).

ployee of the store, testified that he swept the entire store commencing approximately 45 minutes before Moreno fell. He swept the particular aisle where Moreno fell. He did not sweep up any produce trimmings or lettuce from the area.

Moreno stated he went into the store to see his son and to buy some groceries. When asked about the circumstances of his fall, Moreno testified:

A I went to get some lunch meat and when I reached to get the lunch meat and turned around to start to walk, that's when I slipped and fell.

Q All right. What did you feel when you slipped and fell?

A Well, I just felt slippery, something slipped.

Moreno further testified that the lettuce piece was about the size of a dollar coin; that his shoe had a piece of lettuce on it about the size of a dime; that the lettuce was green in color; that he had no idea how the lettuce got on the floor; and that he did not see it at the time of his fall or earlier while shopping in the same area of the store.

Roger Moreno testified that the produce manager had carried lettuce from the back of the store to the display area constantly on the day of the fall and that he generally passed over the area where the fall occurred. However, he stated that he could not say the produce manager brought lettuce from the back area of the store to the display counter between the time he swept the aisle and his father's fall. He further said that he did not know how the piece of lettuce got on the floor or who put it there or how long it had been on the floor.

Mario Devilla, another store employee, was also called by Moreno to testify at the hearing. He did not see Moreno fall. He did not know specifically when the produce manager made trips carrying lettuce from the back of the store to the display area. He did not know "whether that lettuce fell off the produce manager's cart or whether a customer dropped it." He did not see the lettuce on the floor before the accident nor did he think the lettuce could have been easily dropped by a customer because the lettuce was wrapped in plastic. He said ". . . when you trim it, as soon as you trim it you put the plastic on it, put it in the cart and truck it to the front." He said the produce manager "was trimming it right by—the buggy he was using a lot of times to trim the lettuce in is the same one he trucks it up to the front with."

Moreno relies on *Safeway Stores, Inc. v. Leck*, 543 S.W.2d 207, 210 (Tex.Civ.App.—Waco 1976, no writ) to establish that his evidence was sufficient to merit a fact finding. In *Leck* the defendant store attacked the sufficiency of evidence to support an adverse jury finding that the store "caused the produce trimmings to be on the floor." The court found the evidence sufficient to support the finding. Although *Leck* somewhat resembles the case before us, it presents different factual and procedural considerations. It is not controlling here.

■ In support of his position under cross-point one, Moreno alternatively relies on the doctrine of *res ipsa loquitur* in attempting to establish the store's negligence from the facts surrounding the fall. However, *res ipsa loquitur* does no more than provide some evidence from which the trier is free to infer negligence. It does not compel such an inference nor does it raise a presumption of negligence. *Mobil Chemical Company v. Bell*, 517 S.W.2d 245, 251 (Tex. 1975). The Supreme Court stated in *Bell* that the plaintiff continues to have the burden of persuading the trier of fact by a preponderance of the evidence. Even if Moreno had established the factors necessary to invoke the doctrine, he nevertheless failed to secure a finding of negligence other than the one he conceded was without evidentiary support. In *Bell* the court also noted that only under extraordinary circumstance could the facts compel the conclusion of negligence as a matter of law. *Id.* at 252. Moreno failed to persuade the trier of fact, and these facts certainly do not compel the conclusion of negligence.

■ The law of this state does not make a storekeeper an insurer of his invited

customers. *Furr's, Inc. v. McCaslin*, 335 S.W.2d 284 (Tex.Civ.App.—El Paso 1960, no writ). The fact that a foreign substance is on the floor is not sufficient to warrant an inference that the storekeeper had placed or left it there or knew of its presence and negligently failed to remove it or that it had been there a sufficient length of time to enable the storekeeper to discover and remove it. *Dill v. Holt's Sporting Goods Store*, 323 S.W.2d 644 (Tex.Civ.App.—Houston 1959, no writ). We conclude that the *res ipsa loquitur* doctrine does not apply to this case.

In support of his contention that Kimbell knew the piece of lettuce was on the floor and willfully or negligently failed to remove it, Moreno claims a purported "admission against interest" made by Bill Henry, Kimbell's meat supervisor for its West Texas Division. Henry's statement was related to the court by Mario Devilla. Devilla testified that after telling the produce manager that a man had just fallen on some produce trimmings, Henry said, "You are going to have to be careful about cleaning up your mess because . . . [s]omebody else might fall." In his brief Moreno also contends Henry's knowledge of lettuce on the store's floor is apparent from his statement.

 Kimbell properly objected that Devilla's proposed testimony was inadmissible hearsay. The trial court admitted the testimony after plaintiff alleged it qualified as an admission against interest by a Kimbell employee. However, a special need to rely on hearsay must be shown before it is admissible. Texas requires proof that the declarant is not available to testify before a declaration against interest can be heard. *Big Mack Trucking Company, Inc. v. Dickerson*, 497 S.W.2d 283, 290 (Tex.1973). Moreno made no attempt to show that Henry was unavailable. Therefore, the statement attributed to Henry is not admissible as a declaration against interest and is not competent evidence to support Moreno's claim of negligence. *Liberty Mutual Insurance Company v. Heard & Jones Drug Stores, Inc.*, 446 S.W.2d 911 (Tex.Civ.App.—Amar-

illo 1969, no writ). This statement cannot form the basis for any part of the trial court's judgment. *Sampson v. Apco Oil Corporation*, 476 S.W.2d 430 (Tex.Civ.App.—Amarillo 1972, no writ).

Moreno had the burden of proof on the issues of the store's negligence concerning the lettuce. The trial court's failure to affirmatively find in favor of Moreno on either the first or second independent issuable facts when coupled with Moreno's concession of the third fact leaves the judgment without support of an essential element on this phase of the action.

 For this court to affirm the judgment, the evidence must conclusively establish one of the three independent acts of negligence as a matter of law. Alternatively, for Moreno to obtain a new trial he must show the failure of the trial court to find in his favor on one of the issues is so against the great weight and preponderance of the evidence as to be manifestly wrong. He did neither. In making this determination, we have considered all of the evidence presented in the record, both favorable and unfavorable to his position.

The judgment must be reversed and rendered in favor of Kimbell, because its legal sufficiency points one and nine must be sustained. By these points, Kimbell says Moreno failed to establish venue under subdivision 9a because the evidence is legally insufficient (no evidence) to support an express finding in his favor on any of the essential acts of negligence related to the piece of lettuce on the floor.

 In determining Kimbell's legal sufficiency points we have considered only the evidence in the record which is favorable to Moreno's position on each act of negligence to ascertain if there is any evidence of probative force to establish that Kimbell put the lettuce on the floor or knew it was there and willfully or negligently failed to remove it. We conclude the evidence on these issues presents no more than a series of surmises: that the cart used to transport produce from the rear of the store might have had the piece of lettuce on it; that the

produce manager may have passed the cart over the area of Moreno's fall; that the piece of lettuce might have dropped off the cart; that it may have been left on the floor by Kimbell; and that all of these events might have occurred after the floor was swept and before Moreno fell. We agree, as a matter of law, that the trial court correctly failed to find in favor of Moreno on these issues from this evidence. *See Foodway, Inc. v. Lopez*, 480 S.W.2d 227 (Tex.Civ.App.—El Paso 1972, no writ); *J. Weingarten, Inc. v. Bradshaw*, 438 S.W.2d 435 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n. r. e.). Therefore, Kimbell's points of error one and nine are sustained.

For Moreno to maintain venue in Lubbock County, therefore, the trial court's findings concerning the store's uneven floor must be upheld. The trial court found that a small ridge existed in Kimbell's floor, that Kimbell maintained the floor, that the ridge was an unreasonably dangerous condition, that Kimbell knew or should have known of the ridge in its floor, that Kimbell negligently failed to warn Moreno of the ridge, and that such negligence was a proximate cause of Moreno's injuries.

Kimbell challenges the legal and factual sufficiency of these findings of fact. Specifically, Kimbell disputes the findings that the ridge was unreasonably dangerous (point five) and was a proximate cause of Moreno's injuries (point seven).

The record reveals that the floor irregularity, variously described as a "ridge" and "wave," was one-quarter of an inch deep. From a photograph of the aisle, Moreno's exhibit one, the "ridge" appears to be a very shallow and narrow depression running directly across the aisle. When Moreno's son Roger was asked whether the irregularity caused a significant bump when a buggy car was rolled over it, he testified that "it's not really that noticeable." He added the sensation was "not a bump, you could feel it." This was the only evidence that could be construed as indicating the potential effect of the floor on the store's invitees.

In effect, Moreno assumed that he fell on the ridge. He did not see the ridge before his fall. However, he went back to the store at a later date and decided that the ridge was "about the same place where [he] slipped."

It is fundamental that reasonable foreseeability is an element of both negligence and proximate cause. *See Baumler v. Hazelwood*, 162 Tex. 361, 347 S.W.2d 560 (1961). We conclude from the descriptive evidence that Kimbell could not have foreseen that the so-called ridge or depression in the floor could cause Moreno to fall. Proximate cause embraces at least two distinct concepts, both of which must be present. First, there must be cause in fact, that is a cause which produces an event and without which the event would not have occurred, and second, foreseeability. *Baumler v. Hazelwood, supra.* The physical aspects of the depression do not bespeak a negligent or dangerous condition. There is no other evidence of probative force in the record showing or from which we may infer that the ridge caused Moreno to fall. He testified, "I just felt slippery, something slipped." Moreno does not claim he tripped on the ridge, there is no evidence the lettuce was on the ridge, nor is there evidence of prior problems with other persons slipping, tripping or falling on the ridge or depression. The meager descriptive evidence of the depression falls short of a prima facie showing of an unreasonably dangerous condition. *See J. Weingarten, Inc. v. Razey*, 426 S.W.2d 538 (Tex.1968) and *J. C. Penney Company v. Perryman*, 261 F.2d 826 (5th Cir. 1958).

Kimbell's points of error five and seven are sustained. Thus, Moreno failed to establish the necessary facts to maintain venue under subdivision 9a of art. 1995 based on either the piece of lettuce or the ridge on the floor. Accordingly, the order of the trial court overruling Kimbell's plea of privilege is reversed and we render judgment that the plea of privilege of the defendant Kimbell, Inc., is sustained and the cause is hereby transferred to a district court of Tarrant County, Texas.