KIMBELL, INC., d/b/a Foodway # 164, Appellant,

v.

Artemisa HERNANDEZ, Appellee.

No. 6763.

Court of Civil Appeals of Texas, El Paso.

Oct. 11, 1978.

Motion of Appellant and Appellee for Rehearing Denied Nov. 1, 1978.

Defendant or his agent, and (4) that such negligence was a proximate cause of Plaintiff's injuries. This is a suit to recover damages for personal injuries alleged to have been sustained by Artemisa Hernandez, Appellee, when she slipped and fell in Appellant's supermarket. The standard by which an occupier of land is to be judged has been summarized as follows:

> " 'A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> >
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> >
> > (c) fails to exercise reasonable care to protect them against the danger.'
>
> The occupier is under the further duty to exercise reasonable care in inspecting the premises to discover any latent defects and to make safe any defects or to give an adequate warning. Restatement (Second) of Torts Sec. 343, Comment b (1965)."

Adopted in Texas in *Dante Corporation v. Sharpe*, 483 S.W.2d 452 (Tex.1972), and *Rosas v. Buddies Food Store*, 518 S.W.2d 534 (Tex.1975).

Kemp, Smith, White, Duncan & Hammond, Joe Lea, Jr., Michael D. McQueen, El Paso, for appellant.

Jesus M. Hernandez, El Paso, for appellee.

## OPINION

PRESLAR, Chief Justice.

In this venue case, the trial Court in reliance on Subdivision 9a, Negligence, of Article 1995, Tex.Rev.Civ.Stat.Ann., overruled the plea of privilege of Kimbell, Inc., d/b/a Foodway # 164. We affirm.

Appellant, in its excellent brief, points up the law that under Subdivision 9a, as an exception to Article 1995, Appellee as Plaintiff had the burden of pleading and proving by a preponderance of the evidence (1) that an act or omission of negligence occurred, (2) in the county where suit was filed, (3) that such act or omission was that of the

Appellant, by its Point of Error No. 1, challenges the holding of the trial Court that the Appellee proved a negligent act by the Appellant because there was no evidence introduced that Appellant knew or should have known of a dangerous condition on the premises. The filing of findings of fact and conclusions of law by the trial Court is discretionary in venue trials, and none were filed in this case. In the absence of such findings, it is presumed that the trial Court found such facts as are necessary to support its judgment. Presumably, then, the trial Court found that the Appellant knew or should have known of a dangerous condition on the premises, including

a finding that a quantity of ice cubes on a tile floor is a dangerous condition. In the face of a contention of no evidence, we are of the opinion that there is some evidence that Appellant should have known of a dangerous condition on the premises. In reviewing the evidence to make that determination, we have followed the familiar rule of considering only the evidence and reasonable inferences in favor of the presumed finding of the trial Court, and disregarded all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965).

The only evidence came from the Appellee, and she testified that while shopping for groceries in the Appellant's store she slipped and fell on ice on the tile floor. She testified that while the checker was checking her groceries, she remembered she needed some cheese and returned to the store for it. As she returned to her grocery cart at the checkout counter, she slipped on the ice. The trial Court could have concluded that because of the quantity of the ice and its proximity to Appellant's employee, the checker, the employee should have known of it. In our review, the above rule of *Alviar* becomes important because of some equivocation in the evidence. Appellee drew a diagram which was introduced into evidence showing the location of two checkstands with her cart between them and ice scattered around the cart. She did not know if the checkstand to the right of the cart was manned by an employee at the time, but she testified that her groceries were checked by a checker to the left of her cart who was only "about three or four feet" from the ice. In response to a question as to whether there was a small quantity of ice or quite a few chunks, she testified that there were quite a few pieces, and her unscaled diagram shows a rather large quantity. Her evidence was that the ice was in full view of the checkers at the checkout counter, and that it was in an area where several people were walking around, both customers and employees. Her diagram shows the bulk of it to be to the right of the cart, and she equivocates on whether the cart would block the checker's view of the ice, but said that not all of the ice was located in a position where her cart would shield it from the view of the checker but that it was scattered around all over the floor and would not be completely shielded by the cart. As can be seen from this brief review of the evidence, there is some evidence to support the trial Court's implied finding that Appellant should have known that the ice was on the floor.

The judgment of the trial Court is affirmed.

OSBORN, Justice, dissenting.

I respectfully dissent. In 1949, Justice Norvell, writing for the San Antonio Court of Civil Appeals in *H. E. Butt Grocery Co. v. Johnson*, 226 S.W.2d 501 (writ ref'd n. r. e.), said that in order to establish liability against the defendant operator of a store in a slip and fall case that it was necessary to show:

"1. That the defendant put the foreign substance upon the floor, or,

"2. That the defendant knew the foreign substance was on the floor and wilfully or negligently failed to remove it, or

"3. That the foreign substance had been upon the floor for such a period of time that it would have been discovered and removed by the defendant, had the defendant exercised ordinary care."

That same or similar language has been used on many occasions to reflect the applicable law in slip and fall cases. See *O'Neal v. J. Weingarten, Inc.*, 328 S.W.2d 793 (Tex. Civ.App.—Beaumont 1959, writ ref'd n. r. e.); *Great Atlantic & Pacific Tea Company v. Giles*, 354 S.W.2d 410 (Tex.Civ.App.— Dallas 1962, writ ref'd n. r. e.); *Hall v. Safeway Stores, Inc.*, 360 S.W.2d 536 (Tex. Civ.App.—Eastland 1962, writ ref'd n. r. e.); *Foodway, Inc. v. Lopez*, 480 S.W.2d 227 (Tex.Civ.App.—El Paso 1972, no writ); *Whitfield v. Furr's, Inc.*, 502 S.W.2d 897 (Tex.Civ.App.—El Paso 1973, no writ); *M System Food Stores, Inc. v. Davis*, 508 S.W.2d 475 (Tex.Civ.App.—El Paso 1974, no writ); *Furr's, Inc. v. Leyva*, 553 S.W.2d 202 (Tex.Civ.App.—El Paso 1977, writ ref'd n. r. e.).

Without exception, each of those cases require something more than that the store owner should have known that the foreign substance was on the floor. In each and every instance, the Court said that it was necessary that the proof establish with regard to the third proviso that the foreign substance had been upon the floor for such a period of time that it would have been discovered and removed by the defendant in the exercise of ordinary care. In this case, the proof, from the testimony of Mrs. Hernandez, is that after she went to the checkout stand in the store she remembered that she had forgotten to get some cheese, and she went back and picked up the cheese and came back to the checkstand and at that time fell. She said the ice was not on the floor when she first came to the checkstand, but it was there when she returned after picking up the cheese. With regard to the period of time which elapsed while she was getting the cheese, she testified as follows:

"Q. Now, when you went back to the section to get the cheese, that ice wasn't there?

"A. No.

"Q. Do you recall how long it took you to go get that cheese?

"A. I don't believe it even took one minute. Just what it took me to walk over there.

"Q. Just less than a minute then to get over there and back?

"A. Yes. Just a matter of seconds."

In my opinion, that proof does not establish that the ice was on the floor for such a length of time that the defendant store owner should have known of its presence and removed it, and that its failure to do so was negligence so as to come within Subdivision 9a of Article 1995, Tex.Rev.Civ.Stat. Ann.