**H.E. BUTT GROCERY CO., Appellant,**

v.

**Lillian STASTNY, Appellee.**

**No. 2548cv.**

Court of Appeals of Texas, Corpus Christi.

Sept. 9, 1982.

David V. Jones, Fulbright & Jaworski, Houston, for appellant.

Richard L. Manske, Manske & Manske, El Campo, for appellee.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from an order overruling a plea of privilege. Lillian Stastny brought suit in Wharton County to recover for personal injuries she sustained when she tripped and fell on the sidewalk in front of an H.E.B. Grocery Company store located in Wharton County. H.E.B. filed a plea of privilege to be sued in Nueces County, its domicile. Stastny filed a controverting plea alleging that the suit was lawfully maintainable in Wharton County under the "negligence exception" of the Texas venue statute, Tex.Rev.Civ.Stat.Ann. art. 1995, subd. 9a (Vernon Supp.1981). After a hearing without a jury, the trial court overruled the plea of privilege.

H.E.B. contends that the trial court erred in overruling its plea of privilege because there was no evidence, or in the alternative, insufficient evidence, to prove the necessary venue facts to sustain venue under the negligence exception to the venue statute.

■ It is the general rule in Texas that a defendant is entitled to be sued in his own county unless it clearly appears that one of the exceptions set forth in article 1995, supra, will apply. *Goodrich v. Superior Oil Co.,* 150 Tex. 159, 237 S.W.2d 969, 972 (1951); *Mobile County Mutual Insurance Co. v. Jacobs,* 531 S.W.2d 436, 438 (Tex.Civ. App.—Corpus Christi 1975, no writ). To sustain venue in a given case, it is the plaintiff's burden to allege and prove the venue facts appropriate to the character of the suit alleged. *Cowden v. Cowden,* 143 Tex. 446, 186 S.W.2d 69, 71 (1945); *Burrows v. Texas Kenworth Co.,* 554 S.W.2d 300 (Tex.Civ.App.—Tyler 1977, writ dism'd); *Mobile County Mutual Insurance Co. v. Jacobs, supra,* at 439.

■ Subdivision 9a of article 1995, supra, provides that "A suit based upon negligence, per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act of omission of negligence occurred or in the county where the defendant has his domicile." To sustain venue under subdivision

9a, the plaintiff must establish the essential elements of a cause of action in negligence by a preponderance of the evidence. *Compton v. Elliott,* 126 Tex. 232, 88 S.W.2d 91 (1935); *H.E. Butt Grocery Co. v. Slaughter,* 484 S.W.2d 794, 796 (Tex.Civ.App.—Corpus Christi 1972, writ dism'd); *Kimball, Inc. v. Roberson,* 570 S.W.2d 587 (Tex.Civ.App.— Tyler 1978, no writ); 1 McDonald, Texas Civil Practice, § 4.17.2 at 388 (Rev.ed. 1981). Those elements include:

"1. That an act or omission of negligence occurred in the county where suit was filed.

2. That such act or omission was that of the tortfeasor, in person, or that of his servant, agent or representative acting within the scope of his employment, or that of the person whose estate the defendant represents as executor, administrator, or guardian.

3. That such negligence was a proximate cause of plaintiff's injuries." art. 1995, subd. 9a, supra.

It is conceded that Stastny was on H.E.B.'s business premises as an invitee at the time of her alleged injury. A landowner or occupier has a basic duty to his invitees to exercise ordinary care to keep the premises in a reasonably safe condition. *Seideneck v. Cal Bayreuther Associates,* 451 S.W.2d 752, 754 (Tex.1970).

Stastny was the only witness at the plea of privilege hearing, and her testimony was the only evidence adduced. That testimony established that on or about August 29, 1980, Stastny was approaching an entrance to the H.E.B. store in El Campo when she tripped on the sidewalk and sustained injuries for which she was later treated at the emergency room of an El Campo hospital. She testified that her fall and injury were "as a result of the sidewalk being elevated from the parking lot and not being marked." Stastny described the area, variously, as "uneven steps," concrete that "wasn't even," and the whole sidewalk being elevated a bit above the parking lot.

This testimony does not amount to any evidence above a mere surmise or suspicion of the existence of an unreasonably danger-

ous condition; see the test out in *Seideneck v. Cal Bayreuther Associates, supra,* at 754. See also, *Kimball v. Moreno,* 563 S.W.2d 350 (Tex.Civ.App.—Amarillo 1978, no writ); and *J. Weingarten, Inc. v. Razey,* 426 S.W.2d 538 (Tex.1968).

Assuming, arguendo, that Stastny made a showing that she was injured as a result of contact with a dangerous condition, she also failed to present any evidence that H.E.B. created, knew of, or should have known of the condition. *Seideneck v. Cal Bayreuther Assoc., supra; J. Weingarten, Inc. v. Razey, supra; Rosas v. Buddies Food Store,* 518 S.W.2d 534 (Tex.1975).

H.E.B.'s points of error two and three are sustained. The order overruling the plea of privilege is reversed with instructions to the District Clerk of the 23rd District Court of Wharton County to transfer this cause to the District Clerk of Nueces County.