**H.E. BUTT GROCERY COMPANY,**
Appellant,

v.

**Rosemary C. NEWELL, Appellee.**

**No. 13–83–059–CV.**

Court of Appeals of Texas,
Corpus Christi.

June 30, 1983.

Douglas E. Chaves, Kleberg, Dyer, Redford & Weil, Corpus Christi, for appellant.

Lola L. Bonner, Rockport, for appellee.

Before NYE, C.J., and YOUNG and NOAH KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

Appellant, H.E. Butt Grocery Company, appeals an order of the 156th District Court, Aransas County, overruling its plea of privilege. Appellee, Rosemary Newell, brought an action in that court for damages to recover for personal injuries she sustained when she tripped on a wire "coat hanger" and fell to the pavement in the parking area in front of the appellant's Rockport store on the evening October 27, 1980. Appellant filed a plea of privilege to be sued in Nueces County, the county of its domicile. Appellee filed a controverting plea alleging that venue was proper in Aransas County under TEX.REV.CIV.STAT. ANN. art. 1995, subd. 9a (Vernon Supp. 1982). After a hearing before the court, the trial judge overruled the plea of privilege.

Appellant contends that the trial court erred in overruling its plea of privilege because there was no evidence, or in the alter-

native, insufficient evidence, to prove the necessary facts to sustain venue under subdivision 9a, the negligence exception to the venue statute.

■ In deciding whether there is any evidence to support the trial court's judgment, we must consider only the evidence and inferences tending to support the trial court's findings and disregard all contrary evidence and inferences. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). In determining whether the evidence is factually sufficient, we consider all the evidence to decide whether the supporting evidence is so weak or the contrary evidence is so overwhelming that the trial court's findings should be set aside and a new trial ordered. *Garza v. Alviar, supra.*

■ Subdivision 9a of article 1995, *supra,* provides that a suit based upon negligence "may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile." To sustain venue in a county other than the defendant's domicile under this section, the plaintiff must establish the essential elements of the cause of action by a preponderance of the evidence. *Compton v. Elliott,* 126 Tex. 232, 88 S.W.2d 91 (1935); *H.E. Butt Grocery Company v. Stastny,* 645 S.W.2d 314 (Tex.App.—Corpus Christi 1982, no writ). Subdivision 9a describes these elements as:

"1. That an act or omission of negligence occurred in the county where the suit was filed.

2. That such act or omission was that of the tortfeasor, in person, or that of his servant, agent or representative acting within the scope of his employment, or that of the person whose estate the defendant represents as executor, administrator, or guardian.

3. That such negligence was a proximate cause of the plaintiff's injuries."

■ A landowner or occupier has a basic duty to his business invitees to exercise ordinary care to keep his premises in a reasonably safe condition. *Seideneck v. Cal Bayreuther Associates,* 451 S.W.2d 752, 754

(Tex.1970). This includes the duty to inspect the premises to discover any latent defects and to make safe any defects or give adequate warnings. *Adam Dante Corp. v. Sharpe,* 483 S.W.2d 452 (Tex.1972). It follows that a landowner is liable for injuries suffered on his premises by invitees as a result of an unreasonably dangerous condition if (1) the landowner created or maintained the condition which gave rise to an unreasonable risk of injury to persons on the premises and, (2) the owner knew or should have known of the existence of the condition and should have appreciated its danger. *Seideneck v. Cal Bayreuther Associates, supra; H.E. Butt Grocery Company v. Stastny, supra; H.E. Butt Grocery Company v. Reyna,* 632 S.W.2d 890 (Tex.App.—Corpus Christi 1982, no writ); *H.E. Butt Grocery Company v. Hamilton,* 632 S.W.2d 189 (Tex.App.—Corpus Christi 1982, no writ).

In her pleadings and argument before the trial court, appellee alleged the existence of two separate unreasonably dangerous conditions, the maintenance of which appellee charged as negligence on the part of the appellant. These conditions were: 1) inadequate lighting in the parking area to the southeast of appellant's Rockport store; and 2) the wire "coat hanger" lying in the parking lot.

The appellee was the only witness at the venue hearing, and her testimony was the only evidence adduced. This testimony established that at the date and time in question, while returning to her car after making purchases in the appellant's store, appellee sustained physical injuries when she tripped over a piece of wire and fell to the pavement in the appellant's parking lot. The record showed that the lot was illuminated by overhead lights, but that the particular point where the accident took place was darkened by the shadow cast by a pickup truck parked between the light and the path where appellee walked. Appellee testified that she was of the personal opinion that the lighting was better on the south side of the store rather than on the southeast side where the accident occurred.

We do not think this testimony alone presents any evidence above a mere surmise or suspicion of the existence of an "unreasonably dangerous condition" in the lighting of appellant's parking area. Nevertheless, even if we held that the lighting did constitute an unreasonably dangerous condition, appellee wholly failed to present any evidence that the appellant created, knew of, or should have known of the condition. See *Seideneck v. Cal Bayreuther Associates, supra; Rosas v. Buddies Food Store,* 518 S.W.2d 534 (Tex.1975).

The same is true of the "coat hanger." There is no evidence to show who placed the coat hanger on the parking lot, how long it was there, or that the appellant or its agents knew or should have known of the danger and taken steps to remove it.

Both of appellant's points of error are sustained. The trial court's order overruling the plea of privilege is reversed, and judgment here rendered that appellant's plea of privilege is sustained. The district clerk for the 156th District is ordered to transfer the case to Nueces County.