Melodie DUPRIE, Appellant,

v.

**DOLGENCORP OF TEXAS d/b/a Dollar General Stores, Appellee.**

No. 09–98–306 CV.

Court of Appeals of Texas, Beaumont.

Submitted Nov. 18, 1999.

Decided May 4, 2000.

Mary Ellen Blade, Trent Devenzio, Waldman & Smallwood, Beaumont, for appellant.

Victor L. Harris, Victor L. Harris & Associates, Charles W. Seymore, Seymore & Harris, PLLC, Sugar Land, for appellee.

Before BURGESS, STOVER, and HILL,[1] JJ.

## OPINION

JOHN HILL, Justice (Assigned).

In this slip and fall case, Melodie Duprie appeals from a judgment that she take nothing in her suit against Dolgencorp of Texas d/b/a Dollar General Stores. The trial court granted Dollar General's motion for judgment notwithstanding the verdict after a jury answered questions favorably to Duprie. The sole issue presented is whether the trial court erred in granting Dollar General's motion for judgment notwithstanding the verdict.

We reverse and render judgment for Duprie because there was more than a scintilla of evidence supporting the jury's verdict.

 In order to uphold a trial court's judgment notwithstanding the verdict, an appellate court must determine that no evidence supports the jury's findings. *See Mancorp, Inc. v. Culpepper,* 802 S.W.2d 226, 227 (Tex.1990). When reviewing a no evidence point, we are limited to reviewing only the evidence tending to support the jury's verdict, and we must disregard all evidence to the contrary. *Id.* If more than a scintilla of evidence supports the jury finding, it must be upheld. *Id.* at 228. We must consider the evidence and inferences as they tend to support the verdict, not with a view toward supporting the judgment. *Id.*

 In order to recover damages in a slip and fall case, a plaintiff must prove: (1) actual or constructive knowledge of some condition on the premises by the owner/operator; (2) that the condition posed an unreasonable risk of harm; (3) that the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner/operator's failure to use such care proximately caused the plaintiff's injuries. *See Wal–Mart Stores, Inc. v. Gonzalez,* 968 S.W.2d 934, 936 (Tex.1998).

Tina Tyson testified she was employed as the assistant manager of a Dollar Gen-

---

1. The Honorable John Hill, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1998).

eral store in Port Arthur when she saw Melodie Duprie enter the store and fall on the tile floor. She said that while standing near the scene of the fall she had the opportunity to see what the floor looked like. Tyson indicated Duprie's feet just slipped apart and that her legs moved just like they had slipped. She stated that after Duprie fell, she saw a muddy smudge print. Tyson thought the fall occurred around 3:00 p.m.

Tyson testified it had been raining heavily earlier, but that at the time of the accident it had either stopped raining or was drizzling very lightly. She stated the ground outside the store was wet and some other customers had tracked water into the store. Tyson indicated she had mopped up the water they had tracked in. She said that any tile floor, like the one in the store, was slippery when it became wet.

Tyson further testified she had moved a mat that had been near the front of the store, while a mat outside the store was at the end of the sidewalk, nowhere near the door. She said it had not occurred to her that without these mats a customer would have no opportunity or ability to dry his or her feet.

Melodie Duprie testified her shoes got wet as she got out of her car to walk to the door of the store. She said she did not know the tile floor was slippery before stepping onto it. Duprie indicated there were no signs, markings, or anything else that would bring to her attention the fact that the floor was slippery. She asserted there was no mat or warning cone on the floor. According to Duprie, she observed muddy water on the floor after she fell, beige-looking water that was dark enough for her to see as she was standing over it.

The jury found the negligence of both Dollar General and Duprie proximately caused her injury, with 55% of the negli-

gence causing the injury being attributable to Dollar General. We find there is more than a scintilla of evidence to support the jury's findings. Consequently, the trial court erred in granting Dollar General's motion for judgment notwithstanding the verdict.

■ From the evidence as outlined above, the jury could reasonably have determined that Dollar General's employees were aware customers were tracking in rainwater from the outside of the store and that the floor of the store was slippery when wet. Further, the jury could reasonably infer that rather than provide mats for the customers to dry their feet so as to avoid the danger of the slippery floor, employees of the store removed whatever mats had been present without replacing them with dry mats. Finally, the jury could reasonably determine that the failure to provide such mats proximately caused Duprie's injury.

In arguing there is no evidence to support the jury's verdict, Dollar General relies on numerous authorities, including *Wal–Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d at 936; *H.E. Butt Grocery Store v. Hamilton*, 632 S.W.2d 189 (Tex.App.—Corpus Christi 1982, no writ); *Henderson v. Pipkin Grocery Co.*, 268 S.W.2d 703 (Tex.Civ.App.—El Paso 1954, writ dism'd); *Brownsville Navigation Dist. v. Izaguirre*, 829 S.W.2d 159 (Tex.1992); *Willis v. Racetrac Petroleum, Inc.*, 1996 WL 790244 (N.D.Tex.1996); *Joachimi v. City of Houston*, 712 S.W.2d 861, 865 (Tex.App.—Houston [1st Dist.] 1986, no writ); and *H.E. Butt Grocery Company v. Cuento*, 1998 WL 448041 (Tex.App.—San Antonio 1998, no pet.). We have examined those authorities and find each to be distinguishable.

In *Gonzalez*, the Supreme Court held when circumstantial evidence is relied upon to prove the proprietor's constructive

notice of a dangerous condition, the evidence must prove that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition. *Wal–Mart*, 968 S.W.2d at 935. The court held that evidence the macaroni salad the plaintiff fell on had mayonnaise on it, was "fresh," "wet," "still humid," and contaminated with "a lot of dirt," coupled with evidence that it had footprints and cart track marks in it and "seemed like it had been there a while" was not sufficient evidence to show the salad had been on the floor for a long period of time. *Id.* at 938. In this case the evidence of the proprietor's notice of a dangerous condition consisted of actual, not constructive notice, because Dollar General's employees were aware that customers entering the store were creating a dangerous condition by tracking in rainwater from outside. Because *Wal–Mart* involved constructive notice, not actual notice, it has no application and is not inconsistent with this opinion. We find that *H.E. Butt Grocery Store v. Hamilton, Henderson v. Pipkin Grocery Co., Inc.,* and *Joachimi v. City of Houston* are all distinguishable for the same reason. *H.E. Butt Grocery Company v. Cuento* and *Willis v. Racetrac Petroleum, Inc.* are unpublished opinions that should not have been cited as authority. *See* Tex.R.App. P. 47.7.

■ Dollar General asserts it has no duty to eliminate potential danger from mud or water tracked into the store by Duprie, relying upon the case of *Brownsville Navigation Dist. v. Izaguirre,* 829 S.W.2d at 159. In that case the court held defendants were not liable where the dangerous condition relied on was the ground where the accident occurred because it had turned to mud when it rained. *Id.* at 160. The court held plain dirt that ordinarily becomes soft and muddy when wet is not a dangerous condition of property for which a landlord might be liable. *Id.* There may be liability, however, where an invitee falls on rainwater that has been tracked onto the premises. *See Rosas v. Buddie's Food Store,* 518 S.W.2d 534, 538 (Tex.1975); *Sifford v. Santa Rosa Medical Center,* 524 S.W.2d 559, 562 (Tex.Civ.App.—San Antonio 1975, no writ); *Dawes v. J.C. Penney & Co., Inc.,* 236 S.W.2d 624, 628–29 (Tex. Civ.App.—Waco 1951, writ ref'd n.r.e.). We sustain Duprie's sole point of error.

We reverse and render judgment for Melodie Duprie against Dolgencorp of Texas d/b/a Dollar General Stores in the amount of $6,908, at interest of 10% per annum from date of judgment until paid, with costs of court charged to Dolgencorp of Texas d/b/a Dollar General Stores.

REVERSED AND RENDERED.