

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00355-CV

WAL-MART STORES, INC. A/K/A                                      APPELLANT
WAL-MART SUPER CENTER
#3286

V.

KIMBERLY G. SPARKMAN                                            APPELLEE

----------

### FROM THE 431ST DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. 2010-50116-367

----------

## MEMORANDUM OPINION[1]

----------

In this slip-and-fall case, appellant Wal-Mart Stores, Inc. a/k/a Wal-Mart Super Center #3286 appeals the trial court's final judgment in favor of appellee Kimberly G. Sparkman. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Background

On a rainy day in February 2010, Sparkman slipped and fell as she entered the Hickory Creek Wal-Mart in Denton County, Texas. Wal-Mart had implemented its inclement weather guidelines that day by placing two orange caution signs in the entryway. Wal-Mart employees had also swept the floor, but they had used a dust mop instead of a "dry mop." The dust mop spread the water around instead of absorbing it like a dry mop would. Wal-Mart's high-gloss entryway—known as a "wet look" floor—made it difficult to spot any accumulated water. Sparkman claims not to have seen the water or the warning signs.

When Sparkman stepped off the entry mat and onto the concrete floor, her foot slid out from underneath her. The fall shattered her femur. Sparkman sued Wal-Mart for negligently maintaining its store. A jury found Wal-Mart negligent and awarded Sparkman $510,820.60 in damages plus interest and costs. Wal-Mart then filed this appeal.

## Discussion

Wal-Mart raises three challenges to the sufficiency of the evidence. Although Wal-Mart characterizes its arguments as matter-of-law challenges, it did not have the burden of proof at trial; thus, we review its complaints as no-evidence challenges. We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact

2

is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999); Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362–63 (1960). In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005).

To prevail on her premises-liability claim as set forth in the jury charge, Sparkman had to prove that (1) Wal-Mart had actual or constructive knowledge of the wet floor, (2) the wet floor posed an unreasonable risk of harm, and (3) Wal-Mart failed to use ordinary care to reduce or eliminate the unreasonable risk of harm by failing to adequately warn her of the wet floor and by failing to make the wet floor safe. *See LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006); *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). In three issues, Wal-Mart challenges the sufficiency of the evidence to prove all three.

## I. The adequacy of Wal-Mart's warning

In its first issue, Wal-Mart argues that because the evidence shows it placed warning signs in the entryway, Sparkman failed to prove the lack of an

3

adequate warning. Premises owners can satisfy their duty to invitees by adequately warning invitees of potentially dangerous conditions. *State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996). An adequate warning is clearly visible and communicates the specific condition that invitees face. *TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 765 (Tex. 2009) (holding that 15-mph street sign failed to warn plaintiff of specific danger of pothole).

Wal-Mart claims that under Texas law, placing warning signs by a danger satisfies its duty to warn customers, and it cites a number of cases that it argues support that proposition. *See Brooks v. PRH Invs., Inc.*, 303 S.W.3d 920, 922 (Tex. App.—Texarkana 2010, no pet.); *Tucker v. Cajun Operating Co.*, No. 11-07-00026-CV, 2008 WL 802985, at *2 (Tex. App.—Eastland Mar. 27, 2008, no pet.) (mem. op.); *Bill's Dollar Store, Inc. v. Bean*, 77 S.W.3d 367, 370 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). However, none of these cases indicate that such a bright-line rule exists. "Negligence is commonly a question of fact unless the evidence establishes a complete absence of negligence as a matter of law." *TXI Operations*, 278 S.W.3d at 765. The cases cited by Wal-Mart note a number of circumstances bearing on the determination of whether a premises owner has adequately warned of a danger. *See Brooks*, 303 S.W.3d at 922 (noting that restaurant told plaintiff to "be careful, the floor may be a little damp"); *Tucker*, 2008 WL 802985, at *2 (noting that yellow caution sign was placed where plaintiff was forced to walk around it); *Bill's Dollar Store*, 77 S.W.3d

4

at 370 (noting that employee pointed to a spilled soda and told customer "to watch the wet spot").

Wal-Mart had placed two warning cones in the entryway. Sparkman's expert witness testified that the signs were "very small, very short, [and] hard to see" and opined that Wal-Mart should have used taller signs that would better attract customers' attention and should have placed them closer to the doors. Sparkman testified that she did not remember seeing the cones before she fell.[2] The Wal-Mart manager testified that the store had mats on the floor, but no more than it usually did, nor was there anything else present that might alert customers to the wet floor. Viewing the evidence in the light most favorable to the jury's verdict, we hold that the evidence is sufficient to support the jury's finding that the warning cones were not adequate in this circumstance to warn invitees of the slippery floor. *See Dimmitt v. Brookshire Grocery Co.*, No. 11-12-00129-CV, 2014 WL 2957438, *4–5 (Tex. App.—Eastland June 26, 2014, pet. filed) (mem. op.) (holding, in summary judgment appeal, that "the evidence does not conclusively show that a 'wet floor' cone placed some twenty feet away from where [plaintiff] fell adequately warned her about excess water left by a defective scrubber"); *cf. Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 771 n.32 (Tex. 2010) ("We have recognized that owners must *adequately* warn or make

---

[2]Wal-Mart argues that Sparkman's "subjective appreciation" of the warning cones is irrelevant, but it also acknowledged in its reply brief that whether Sparkman saw the cones was a "factor which can demonstrate [their] adequacy."

safe, . . . and in some circumstances no warning can adequately substitute for taking reasonably prudent steps to make the premises safe."). We overrule Wal-Mart's first issue.

## II. The dangerousness of the condition

In its second issue, Wal-Mart argues that, as a matter of law,[3] it owed no duty to Sparkman because the wet entryway was not an unreasonably dangerous condition. Wal-Mart relies on *Scott & White Memorial Hospital v. Fair*, 310 S.W.3d 411 (Tex. 2010). *Scott & White* held that "naturally occurring ice that accumulates without the assistance or involvement of unnatural contact is not an unreasonably dangerous condition." *Id.* at 414. The "naturally occurring" rule has been limited to outdoor accumulations without human intervention. *See, e.g.*, *Callahan v. Vitesse Aviation Servs.*, 397 S.W.3d 342, 352–54 (Tex. App.—Dallas 2013, no pet.) (applying *Scott & White* when plaintiff slipped on ice while walking outdoors); *Lough v. Pack*, No. 02-12-00336-CV, 2013 WL 1149524, at \*2 (Tex. App.—Fort Worth Mar. 21, 2013, no pet.) (mem. op.) (applying *Scott & White* when plaintiff slipped on porch). This case involves rainwater, not ice or snow, on an *indoor* concrete floor treated with a shiny sealant. Texas courts have consistently found that indoor wet floors can pose an unreasonably dangerous condition. *See, e.g., City of San Antonio v. Rodriguez*, 931 S.W.2d 535, 536 (Tex. 1996) (noting that city was required to prevent water leaking

---

[3]Whether a landowner owes a duty to an invitee in the first place is a question of law for the court to decide. *TXI Operations*, 278 S.W.3d at 765.

through roof from causing a dangerous condition by dripping onto indoor basketball court); *Rosas v. Buddie's Food Store*, 518 S.W.2d 534, 537–38 (Tex. 1975) (holding wet floor, caused by customer foot traffic and windblown water, may be an unreasonably dangerous condition); *Dimmitt*, 2014 WL 2957438, at *4–5 (implying puddles left from floor cleaner are an unreasonably dangerous condition); *Duprie v. Dolgencorp of Tex.*, 59 S.W.3d 196, 198–99 (Tex. App.—Beaumont 2000, pet. denied) (implying wet floors caused by tracked-in water are an unreasonably dangerous condition).

Here, it is undisputed that Sparkman slipped on a wet floor inside the store, which was caused by rain—not ice or snow—that had made its way inside the store, either by wind or by being tracked in by customers. This is not a natural location nor is it a natural manner for rain to accumulate. Further, *Scott & White* reasoned that naturally accumulated ice or snow is not unreasonably dangerous because, like with mud accumulation, accidents are "likely to occur regardless of precautions taken by landowners, and invitees are often better positioned to avoid the dangers associated with muddy walkways." 310 S.W.3d at 413. In this case, the sealant used by Wal-Mart on its store's floor caused the floor to be glossy and slippery making it more difficult to see accumulated water. Without the knowledge of the store's flooring, the customer is not in a better position than Wal-Mart to protect herself from accidents on the floor. We therefore decline to extend the rule in *Scott & White* to this case.

7

Wal-Mart also implies that its wet floor was not an unreasonably dangerous condition because it was not responsible for the rainfall. Wal-Mart is responsible for protecting its customers from dangerous conditions of which it knew or should have known. *See CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000). This duty is not dependent on Wal-Mart's being the source of the danger. *See Rodriguez*, 931 S.W.2d at 536 (noting that city was required to prevent dangerous conditions caused by water leaking through roof). We therefore overrule Wal-Mart's second issue.

## III. Wal-Mart's actual or constructive knowledge

In its third issue, Wal-Mart argues that the evidence does not show that it had actual or constructive knowledge of the wet entryway. To prove the premises owner's knowledge, the plaintiff can show either that (1) the owner placed the substance on the floor, (2) the owner actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the owner a reasonable opportunity to discover it. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

Wal-Mart argues that because an employee had recently mopped the floor, there is no evidence that it knew the floor continued to pose a danger. However, there was evidence that the employee's use of the dust mop only made the dangerous condition more difficult to see because it dispersed the water over the floor instead of soaking it up. The jury was free to believe that in the roughly fifteen minutes between when the employee mopped the floor and when

Sparkman fell, a reasonable inspection of the employee's work would have revealed that she had not remedied the dangerous condition. *See Farrar v. Sabine Mgmt. Corp.*, 362 S.W.3d 694, 700 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("Constructive knowledge, which is defined as knowledge that a person, after reasonable inspection, ought to have or has reason to have, may be imputed when the premises owner-operator had a reasonable opportunity to discover and to remedy an allegedly dangerous condition."); *see also Reece*, 81 S.W.3d at 816 ("[I]f an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition."). The jury could have reasonably found that Wal-Mart knew or should have known that the entryway posed a danger to customers entering the store. *See Rodriguez*, 931 S.W.2d at 537 (holding that some evidence existed that city knew of dangerous condition when employee "knew of the leaks in the roof and knew that it had been raining"); *Duprie*, 59 S.W.3d at 198–99 (holding store had actual knowledge when employees were aware that customers tracked in rainwater and made the floor slippery). Thus, we overrule Wal-Mart's third issue.

## Conclusion

Having overruled Wal-Mart's three issues, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

DELIVERED:  December 11, 2014